[Cite as *State v. Adams*, 2011-Ohio-2562.]

# IN THE COURT OF APPEALS OF OHIO
## SECOND APPELLATE DISTRICT
## CHAMPAIGN COUNTY

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| | : | Appellate Case No. 09-CA-37 |
| Plaintiff-Appellee | : | |
| | : | Trial Court Case No. 2007-CR-197 |
| v. | : | |
| | : | |
| ROGER AARON ADAMS | : | (Criminal Appeal from |
| | : | Common Pleas Court) |
| Defendant-Appellant | : | |
| | : | |

. . . . . . . . . . .

O P I N I O N

Rendered on the 27th day of May, 2011.

. . . . . . . . . . .

NICK A. SELVAGGIO, by SCOTT SCHOCKLING, Atty. Reg. #0062949, 200 North Main Street, Courthouse, Urbana, Ohio 43078
     Attorney for Plaintiff-Appellee

P.J. CONBOY II, Atty. Reg. #0070073, Staton, Fisher & Conboy LLP, 5613 Brandt Pike, Huber Heights, Ohio 45424
     Attorney for Defendant-Appellant

. . . . . . . . . . . . .

HALL, J.

{¶ 1} This matter comes before the court upon Roger Adams' appeal of the revocation of his community control sanctions and sentence for violations of his community control

sanctions.

{¶ 2} On March 14, 2008, Adams pled no contest to corruption of another with drugs and tampering with evidence, both third-degree felonies. Consequently, Adams was placed on community control sanctions for three years, and sentenced to three years of incarceration for each count, as well as a maximum of three years of discretionary post release control, if the community control sanctions were violated.

{¶ 3} On June 22, 2009, Adams violated his community control sanctions through engaging in drug use and threatening another with physical harm. At the August 6, 2009 hearing for violating his community control sanctions, Adams admitted he violated the terms of his supervision. Subsequently, the trial court imposed the original March 14, 2008 sentence of three years of incarceration for each count, both sentences having been ordered to be served concurrently. Additionally, the trial court imposed a maximum of three years of post release control, if the Adult Parole Authority deems post release control proper. Adams appealed.

{¶ 4} On March 16, 2010, Adams' appellate counsel filed the brief of appellant without any assignments of error pursuant to *Anders v. California* (1967), 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493, asserting the absence of any potentially meritorious issues for our review. In the *Anders* filing, however, appellate counsel did identify what he characterized as "a potential issue relating to the length of the sentence."

{¶ 5} We notified appellant that his counsel had filed an *Anders* brief and offered appellant ample time to file a *pro se* brief. None has been received.

{¶ 6} Pursuant to *Anders*, we are required to conduct a full examination of all

proceedings and to appoint new counsel to assist Adams if we find any non-frivolous issues for review. *Anders*, 386 U.S. at 744; see also *Penson v. Ohio* (1988), 488 U.S. 75, 76, 109 S.Ct. 346, 102 L.Ed.2d 300. Having thoroughly reviewed the record in this case, we do not find any non-frivolous issues.

{¶ 7} In his *Anders* brief, appellate counsel recognized a potential issue regarding Adams' sentencing. Appellate review of felony sentencing requires the appellate court to do two things: (1) review the sentence imposed and the trial court's compliance with the rules and statutes for sentencing to determine whether the sentence being reviewed is clearly and convincingly contrary to the law; and if not, (2) review the trial court's decision for an abuse of discretion. *State v. Kalish*, 120 Ohio St.3d 23, 2008-Ohio-4912. An abuse of discretion means the trial court's decision was unreasonable, arbitrary or unconscionable. *State v. Hancock*, 108 Ohio St.3d 57, 2006-Ohio-160. Under Ohio sentencing law, the severity of a sentence imposed is in the sole discretion of the trial court and will not be set aside on appeal unless it is demonstrated from the record that the trial court unreasonably ignored the applicable sentencing statutes. *State v. Williams* (1982), 7 Ohio App.3d 160; *State v. Steffen* (1987), 31 Ohio St.3d 111.

{¶ 8} Pursuant to R.C. 2929.14(A), a felony of the third degree warrants a definite prison term of one to five years. In addition, pursuant to R.C. 2929.15(B), if the defendant was placed on community control, and a violation of community control sanctions is found, the trial court can impose stricter sanctions or impose other sanctions, including, but not limited to, the underlying prison sentence. In the present case, we find Adams' three-year concurrent prison sentence, accompanied by a maximum of three years of discretionary post

release control to be reasonable. The sentence was within the statutory range of penalties for the offenses and consistent with the original sentence imposed. Therefore, we find that there was no abuse of discretion here and an assignment of error about the sentencing issue would be unsuccessful.

{¶ 9} The transcript of the community control violation hearing indicates the trial court "considered the purposes and principles of sentencing, as well as Adams' criminal history, previous supervision failure and his difficulties on supervision" in imposing its sentence. The record indicates that Adams violated his community control sanctions in many ways prior to this hearing, such as failing to tell his correctional officer of his current location, having contact with minor children, not attending counseling, as well as failing to complete a rehabilitation program. Adams, himself, admitted he had a drug problem and had relapsed. Although Adams' counsel urged the court to place Adams in another rehabilitation program, instead of incarceration, the court declined to do so since it previously granted this request and Adams was unsuccessful in completing the program and continued to violate his community control sanctions.

{¶ 10} R.C. 2929.14(A) prescribes imprisonment of one to five years for a third-degree felony. Adams committed two third-degree felonies, and thus, if sentenced consecutively, could have received up to ten years in prison. However, as Adams' appellate counsel accurately asserts, the trial court gave Adams a "mid-range sentence for both counts and also permitted the sentences to be served concurrently." We would find no abuse of discretion in light of the circumstances.

{¶ 11} The record fails to portray any non-frivolous issues as to whether Adams'

conviction and sentence were proper. As a result, the trial court's judgment is affirmed.

. . . . . . . . . . . . .

FAIN and FROELICH, JJ., concur.

Copies mailed to:

Nick A. Selvaggio
Scott Schockling
Patrick Conboy II
Roger Aaron Adams
Hon. Roger B. Wilson