[Cite as *State v. West*, 2012-Ohio-4615.]

**IN THE COURT OF APPEALS OF OHIO
SECOND APPELLATE DISTRICT
MONTGOMERY COUNTY**

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| | : | Appellate Case No. 24998 |
| Plaintiff-Appellee | : | |
| | : | Trial Court Case Nos. 06-CR-1264 |
| v. | : | 09-CR-671 |
| | : | |
| MICHAEL O. WEST | : | |
| | : | (Criminal Appeal from |
| Defendant-Appellant | : | Common Pleas Court) |
| | : | |

. . . . . . . . . . .

O P I N I O N

Rendered on the 5th day of October, 2012.

. . . . . . . . . . .

MATHIAS H. HECK, JR., by MICHELE D. PHIPPS, Atty. Reg. #0069829, Montgomery County Prosecutor's Office, Appellate Division, Montgomery County Courts Building, P.O. Box 972, 301 West Third Street, Dayton, Ohio 45422
        Attorney for Plaintiff-Appellee

CARLO C. McGINNIS, Atty. Reg. #0019540, 130 West Second Street, Suite 800, Dayton, Ohio 45402
        Attorney for Defendant-Appellant

. . . . . . . . . . . .

FAIN, J.

{¶ 1}    Defendant-appellant Michael West appeals from his convictions for Theft and

Grand Theft and the imposition of a twenty-month sentence.  West contends that the trial

court erred when it failed to apply the amendments to Ohio's sentencing statutes, which were effective after the date of his original sentence but prior to the date on which he was sentenced for violating his conditions of community control.

{¶ 2}     We conclude that the trial court should have applied the September 30, 2011 amendments to Ohio's sentencing statutes when it sentenced West on December 27, 2011. Accordingly, the sentence is Reversed, the order finding West to have violated the conditions of community control and revoking community control is Affirmed, and this cause is Remanded for a de novo sentencing.

## I. Course of the Proceedings

{¶ 3}     In 2006, Michael West was indicted on one count of Grand Theft, a felony of the fourth degree, in violation of R.C. 2913.02(A)(1).   He pled guilty to this charge and faced a potential prison term ranging between six months and eighteen months.   West was sentenced to five years of community control and was ordered to pay court costs and restitution, receive chemical dependency treatment, and serve 100 hours of community service.   The judgment entry provided that West would be subject to a prison term of seventeen months if he violated any condition of his community control.

{¶ 4}     In 2009, West was indicted on one count of Theft, a felony of the fifth degree, in violation of R.C. 2913.71 and R.C. 2913.02(A)(1).   West pled guilty to this charge and faced a potential prison term ranging between six months and twelve months.   West was sentenced to five years of community control and twelve consecutive weekends of detention in the Montgomery County Jail.   The judgment entry provided that West would be subject to a

prison term of twelve months if he violated any condition of his community control.

{¶ 5} In June 2011, West's Community Control Officer notified the trial court that West had absconded. Consequently, West's probationary period was suspended and a capias was issued for his arrest. On October 17, 2011, West was provided with written notice of the alleged violations of his community control sanctions.

{¶ 6} A revocation hearing was held on December 15, 2011. At the conclusion of the hearing, the trial court explained that West would be sentenced to twelve months of incarceration for his Grand Theft conviction and eight months of incarceration for his Theft conviction, to be served consecutively. The trial court then stated the following:

THE COURT: Okay. And I would note for purposes of the record that there is a procedural issue for which there is presently no guidance. And I just – so I'm proceeding as stated, but I would note that in 09CR671, Felony V theft, the amount that got stolen – well, the restitution amount was $900. And by virtue of House Bill 86, that would modify that charge from being a felony of the fifth degree to being a first degree misdemeanor. And I did not go back and check whether or not the recalibration – well, let me – in the '06 case, it's a grand theft charge, felony of the fourth degree, and I did not check to see whether or not House Bill 86 recalibrated that theft amount that might impact the level of offense.

There is no guidance that I could find as to what to do in a community control sanctions revocation situation when there's the possibility that the Defendant's on supervision for one level of offense, but by virtue or [sic]

House Bill 86, it's a different level of offense.

So therefore my approach is just going to be to proceed to impose the alternative sentences as they appear in the revocation petition and as they existed prior to House Bill 86. But I just note that because it may be an issue appropriately raised on appeal on behalf of Mr. West, although given the sentence that he's received, I'm not sure that it – well, it could certainly make a difference with regard to the eight month sentence if that got knocked down to be a misdemeanor.

So, I just want the record to be upfront that I recognize there is a legal issue there. I don't think anybody in this room knows how to resolve it. I know how the State would argue and I know how Mr. Conboy would argue. And so I'm going to go with what I believe is my best judgment at the time without any guidance from a superior court, which is to impose the alternative sentence as it existed prior to the enactment of House Bill 86 understanding for purposes of candor to Mr. Conboy and Mr. West that there may be an issue that he would want to raise on appeal with regard to that. Transcript, pp. 8-9.

{¶ 7} On December 27, 2011, the trial court entered judgments of conviction and sentence. West was sentenced to eight months in prison on his Theft offense and twelve months in prison on his Grand Theft offense. The prison terms were ordered to be served consecutively. From the judgment, West appeals.

## II. The Trial Court Erred By Failing To Apply H.B. 86

**{¶ 8}**  West's three assignments of error state:

THE TRIAL COURT ERRED IN FAILING TO CONSIDER THE STATUTORY AMENDMENTS MADE BY HOUSE BILL 86 WHEN SENTENCING DEFENDANT FOR VIOLATIONS OF HIS COMMUNITY CONTROL SANCTIONS.

THE SENTENCE IMPOSED BY TRIAL COURT WAS CONTRARY TO LAW.

THE SENTENCE RENDERED BY TRIAL COURT IMPOSED AN UNNECESSARY BURDEN ON STATE RESOURCES.

**{¶ 9}**  All three of West's assignments of error hinge upon his argument that the trial court erred when it failed to apply the amendments to Ohio's sentencing statutes that were made effective by 2011 House Bill 86 ("H.B. 86").  West contends that he would have received a more favorable sentence if the trial court had applied the amendments at the time of sentencing.  The State does not explicitly take a position in its Brief regarding whether the amendments should have been applied to West.   Rather, the State contends that the trial court did not err when it sentenced West to a prison term of twenty months.

**{¶ 10}**  H.B. 86 became effective on September 30, 2011.  The General Assembly expressly provided in Section 4 of H.B. 86 when the amendments were to be applicable: "The amendments * * * apply to a person who commits an offense specified or penalized under those sections on or after the effective date of this section and to a person to whom division (B) of section 1.58(B) of the Revised Code makes the amendments applicable."

**{¶ 11}**  R.C. 1.58(B) identifies which law to apply when a statute is amended after the

commission of a crime, but before sentence is imposed: "If the penalty, forfeiture, or punishment for any offense is reduced by a reenactment or amendment of a statute, the penalty, forfeiture, or punishment, if not already imposed, shall be imposed according to the statute as amended."

{¶ 12} The key phrase in R.C. 1.58(B) is "if not already imposed." In *State v. Nistelbeck*, 10th Dist. Franklin No. 11AP-874, 2012-Ohio-1765, the defendant was convicted of Abduction in 2009 and was sentenced to a prison term of five years, but his sentence was stayed, and he was placed on two years of community control. The defendant did not comply with some of the terms of his community control and his probation officer filed for revocation. After the original sentencing, but before the defendant was sentenced for his violations of the conditions of his community control, the Ohio General Assembly had changed the maximum penalty for abduction from five years to three years. Despite this change, the trial court ordered the defendant to serve a four-year term of incarceration. *Id.* at ¶ 2-5.

{¶ 13} On appeal, the *Nistelbeck* court had to determine whether the trial court erred in failing to apply the amendment to the abduction statute. The key to the court's analysis was determining whether a sentence is actually imposed at the time of the original sentencing, or if the sentence is actually imposed after the violation of the conditions of community control. The court wrote, at ¶ 7-11:

> To make this determination, we consult both Ohio statutes, specifically R.C. 2929.19(B)(5) and the decision of the Ohio Supreme Court in *State v. Brooks*, 103 Ohio St.3d 134, 2004-Ohio-4746.
>
> R.C. 2929.19(B)(5) reads:

"If the sentencing court determines at the sentencing hearing that a community control sanction should be imposed and the court is not prohibited from imposing a community control sanction, the court shall impose a community control sanction. The court shall notify the offender that, if the conditions of the sanction are violated, if the offender commits a violation of any law, or if the offender leaves this state without the permission of the court or the offender's probation officer, the court may impose a more restrictive sanction, or may impose a prison term on the offender and shall indicate the specific prison term that may be imposed as a sanction for the violation, as selected by the court from the range of prison terms for the offense pursuant to section 2929.14 of the Revised Code."

The syllabus for *Brooks* reads:

"1. Pursuant to R.C. 2929.19(B)(5), a trial court sentencing an offender to a community control sanction is required to deliver the statutorily detailed notifications at the sentencing hearing. (*State v. Comer*, 99 Ohio St.3d 463, 2003-Ohio-4165, 793 N.E.2d 473, applied and followed.)

"2. Pursuant to R.C. 2929.19(B)(5) and 2929.15(B), a trial court sentencing an offender to a community control sanction must, at the time of the sentencing, notify the offender of the specific prison term that may be imposed for a violation of the conditions of the sanction, as a prerequisite to imposing a prison term on the offender for a subsequent violation."

Both *Brooks* and R.C. 2929.19(B)(5) refer to "the specific prison term that may be imposed." This choice of words implies that the prison term has

not actually been imposed yet, but will be imposed upon revocation of community control. If the prison term has not been imposed yet, this is "not already imposed" for purposes of R.C. 1.58(B).

Because the prison term had not already been imposed at the time of Nistelbeck's revocation hearing, he is entitled to the benefit of the legislature's reduction of his potential sentence for abduction.

**{¶ 14}** We agree with the analysis and reasoning of the Tenth District Court of Appeals in *Nistelbeck*. West's original sentencing for Theft and Grand Theft provided for five years of community control for each violation. He was not sentenced to prison at the time of either of his original sentences. After his convictions and sentences of community control, Ohio's sentencing statutes were amended. Pursuant to H.B. 86 and R.C. 1.58, West may gain the benefit of these amendments if the "penalty, forfeiture, or punishment" is "not already imposed" as of September 30, 2011. The trial court did not sentence West to prison until December 27, 2011, well after the date on which H.B. 86 became effective. Therefore, the punishment of twenty months in prison was "not already imposed" at the time of the amendments to Ohio's sentencing statutes. R.C. 1.58. The trial court erred by not applying the amendments to Ohio's sentencing statutes to West at the time of sentencing.

**{¶ 15}** The trial court made it clear at the sentencing hearing that it was not applying the amendments to Ohio's sentencing statutes to West (Transcript, pp. 8-9). Thus, error is demonstrated on this record. We cannot determine that this error was harmless.

**{¶ 16}** West is entitled to a de novo sentencing. For purposes of guidance on remand, we note that one of the changes to the felony sentencing laws concerns the purposes

of felony sentencing, as stated in R.C. 2929.11(A). The two primary purposes of felony sentencing remain "to protect the public from future crime by the offender and others and to punish the offender * * * ." However, these goals are to be effected "using the minimum sanctions that the court determines accomplish those purposes without imposing an unnecessary burden on state or local government resources." *Id.* "This mandate to utilize the minimum sanctions the court determines necessary is a new provision, added by H.B. 86." *State v. Snyder*, 3d Dist. Seneca No. 13-11-37, 2012-Ohio-3069, ¶ 24.

{¶ 17} Furthermore, we note that R.C. 2929.14(C)(4) now requires that a trial court engage in a three-step analysis in order to impose consecutive sentences. First, the trial court must find that "consecutive service is necessary to protect the public from future crime or to punish the offender." *Id.* Next, the trial court must find that "consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public." *Id.* Finally, the trial court must find that at least one of the conditions in R.C. 2929.14(C)(4)(a) through (c) apply. *Id.*

{¶ 18} West's assignments of error are sustained.

### III. Conclusion

{¶ 19} West's assignments of error having been sustained, the sentence imposed is Reversed, the order finding West to have violated the conditions of his community control and revoking community control is Affirmed, and this cause is Remanded for a de novo sentencing.

. . . . . . . . . . . . .

GRADY, P.J., and DONOVAN, J., concur.


Copies mailed to:

Mathias H. Heck
Michele Phipps
Carlo C. McGinnis
Hon. Mary L. Wiseman