[Cite as *State v. Snoeberger*, 2013-Ohio-1375.]

IN THE COURT OF APPEALS FOR MONTGOMERY COUNTY, OHIO

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| Plaintiff-Appellee | : | C.A. CASE NO.   24767 |
| v. | : | T.C. NO.   10CR1932 |
| TERI L. SNOEBERGER | : | (Criminal appeal from Common Pleas Court) |
| Defendant-Appellant | : | |
| | : | |

. . . . . . . . . .

**O P I N I O N**

Rendered on the _____5th_____ day of _____April_____, 2013.

. . . . . . . . . .

JOSEPH R. HABBYSHAW, Atty. Reg. No. 0089530, Assistant Prosecuting Attorney, 301 W. Third Street, 5th Floor, Dayton, Ohio 45422
        Attorney for Plaintiff-Appellee

BEN M. SWIFT, Atty. Reg. No. 0065745, P. O. Box 49637, Dayton, Ohio 45449
        Attorney for Defendant-Appellant

. . . . . . . . . .

FROELICH, J.

{¶ 1}    Teri L. Snoeberger appeals from a judgment of the Montgomery County Court of Common Pleas, which sentenced her to two years in prison for violating her

community control. For the following reasons, Snoeberger's prison sentence is reversed, and her post-release control is ordered terminated.

{¶ 2}  On August 5, 2010, Snoeberger pled no contest to burglary, a second-degree felony with a statutory range of two to eight years in prison. Snoeberger was eligible for community control for the offense. At the plea hearing, Snoeberger was informed and indicated her understanding that, "[i]f you would receive community control sanctions for this offense, but violate the terms of your supervision, you can be revoked from supervision and sentenced to prison for the maximum time provided for this felony, which is eight years." The plea agreement that Snoeberger signed stated, "I understand that for violations of community control sanctions, I can be required to serve a prison term of *up to* **8 years**[.]" (Emphasis added; bold in original.)

{¶ 3}  In September 2010, Snoeberger was sentenced to five years of community control. At the sentencing hearing, the trial court orally informed her that she faced "up to" eight years in prison if she violated the terms of her community control. The court's written sentencing entry stated that a violation of community control might result in "a prison term of 8 years to be served concurrently."

{¶ 4}  In December 2010, the court was notified by Snoeberger's probation officer that Snoeberger had been arrested for possession of a controlled substance, a violation of her community control. Snoeberger was ordered to appear on December 30 for community control revocation hearing. At the December 30 hearing, Snoeberger entered a general denial, and her counsel requested a continuance to discuss the matter with her. The matter was continued until January 6, 2011.

**{¶ 5}** On January 6, the court and defense counsel discussed in a sidebar that the court had received a recommendation that community control be revoked and Snoeberger be sentenced to two years in prison. Defense counsel requested a one-week continuance, which was granted.

**{¶ 6}** At the January 13 hearing, defense counsel told the court that Snoeberger had been denied the MonDay program because she was having suicidal ideations. Counsel stated that Snoeberger's medication had been changed and that she was no longer having suicidal ideations. Counsel asked that Snoeberger be rescreened for the MonDay program. The trial court granted the request and scheduled a new hearing.

**{¶ 7}** The community control violation hearing was held on January 27, 2011. At that time, the trial court indicated that "if we could just get an admission to one of the revocation charges, it would be the Court's plan to continue Ms. Snoeberger on community control sanctions, but she has been accepted into the MonDay program, and we would add that as an element of her supervision. And she's already on intensive probation with a chemical abuse mental health specialist, which was the other piece that I would be looking for, as well as imposing a no breaks status on her." Snoeberger admitted that she had missed appointments with her community control officer. With those admissions, the trial court found that "there are grounds for her revocation, but the Court will continue her on community control sanctions." The trial court added the requirements that Snoeberger successfully attend and complete the MonDay program and any aftercare. The court informed Snoeberger that it was imposing "a no breaks status on her."

**{¶ 8}** The following day, the trial court signed an "Entry, Modification of Community Control Sanctions Effective Date January 27, 2011," which provided that the

court "continues the offender on Community Control subject to the previous sanctions." In addition, the entry modified the community control sanctions to include "1) The Defendant will successfully complete the MonDay Program and all recommended aftercare" and "2) NO BREAKS."

{¶ 9} The court did not indicate at the January 27 revocation hearing or in its January 28 entry the specific prison term that Snoeberger would receive if she violated the original or "modified" community control sanctions.

{¶ 10} In July 2011, the trial court was notified that Snoeberger had violated the conditions of her community control related to her completion of the MonDay program. At her July 28, 2011, revocation hearing, Snoeberger admitted that she was "kicked out" of MonDay due to "serious" rules violations. The court revoked her community control and sentenced her to two years in prison, with three years of post-release control upon her release from prison.

{¶ 11} Snoeberger appeals from the revocation of her community control and the imposition of a two-year prison term. Her original appellate counsel filed a brief pursuant to *Anders v. California,* 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), stating that after thoroughly examining the record, he found no potentially meritorious issues for appeal. After an independent review of the record, we found that a non-frivolous issue existed and appointed new counsel.

{¶ 12} Snoeberger now raises one assignment of error:

THE TRIAL COURT ERRED IN SENTENCING DEFENDANT-APPELLANT TO PRISON BECAUSE THE TRIAL COURT

FAILED TO ORDER A SPECIFIC PRISON TERM WHEN COMMUNITY CONTROL SANCTIONS WERE GRANTED.

**{¶ 13}** In her sole assignment of error, Snoeberger claims that the trial court erred in imposing a prison sentence following the July 2011 violation of her community control, because the court failed to inform her at the previous hearing of the specific prison term that would be imposed if she again violated her community control. We note that Snoeberger was released from prison on November 10, 2012. However, as she is currently under the supervision of the Adult Parole Authority, her appeal of her sentence is not moot.

**{¶ 14}** R.C. 2929.19(B)(5) requires the trial court to indicate at sentencing the "*specific* prison term that may be imposed as a sanction for the violation" of community control. *See State v. Brooks*, 103 Ohio St.3d 134, 2004-Ohio-4746, 814 N.E.2d 837. The Ohio Supreme Court has explained this requirement, stating:

By choosing the word "specific" in R.C. 2929.19(B)(5) to describe the notification that a trial judge must give when sentencing an offender to community control, the General Assembly has made clear that the judge shall, in straightforward and affirmative language, inform the offender at the sentencing hearing that the trial court will impose a definite term of imprisonment of a fixed number of months or years, such as "twelve months' incarceration," if the conditions are violated. To comply with the literal terms of the statute, the judge should not simply notify the offender that if the community control conditions are violated, he or she will receive "the maximum," or a range, such as "six to twelve months," or some other

indefinite term, such as "up to 12 months." The judge is required to notify the offender of the "specific" term the offender faces for violating community control.

*Brooks* at ¶ 19.

{¶ 15}    Here, the trial court told Snoeberger at her original sentencing that "up to eight years of imprisonment" could be imposed if she violated the conditions of her community control.   By using that language, the trial court did not correctly notify her of the specific prison term that she faced if she violated her community control sanctions.

{¶ 16}    The *Brooks* court noted that "[w]hen a trial court sentences an offender who has violated conditions of community control and the defendant did not receive notice of the specific term under R.C. 2929.19(B)(5) so that a prison term is not an option, the trial court at the R.C. 2929.15 sentencing must choose one of the other options under R.C. 2929.15(B) (imposing a longer time under the same sanction or imposing a more restrictive sanction)." *Brooks* at ¶ 33, fn. 2.   The Supreme Court explicitly did not reach the issue of "whether a trial judge who, in that situation, at the time of the R.C. 2929.15(B) sentencing, informs the offender of the specific term he or she faces for a violation of the conditions of community control may subsequently impose a prison term if the offender violates conditions of community control a second time."   *Id*.

{¶ 17} That issue was reached in *State v. Fraley*, 105 Ohio St.3d 13, 2004-Ohio-7110, 821 N.E.2d 995.   In *Fraley*, the defendant was initially told that he could be sentenced to "up to five years" for a community control violation.   At a later hearing, when the defendant was continued on community control, the trial court specifically told

him that he would be sentenced to four years for a community control violation. The Supreme Court considered "whether a trial court is mandated to notify a defendant at the initial sentencing hearing of a specific term of imprisonment that could be imposed if a defendant violates the terms and conditions of his community control, or whether such notification may come at a later sentencing hearing." *Id.* at ¶ 11.

{¶ 18}   In resolving this question, the Supreme Court of Ohio discussed the purpose of the notification requirement and the nature of a revocation hearing.   It stated:

> The notification requirement in R.C. 2929.19(B)(5) is meant to put the offender on notice of the specific prison term he or she faces if a violation of the conditions occurs.  Following a community control violation, the trial court conducts a second sentencing hearing.  At this second hearing, the court sentences the offender anew and must comply with the relevant sentencing statutes.  *State v. Martin*, 8th Dist. No. 82140, 2003-Ohio-3381, 2003 WL 21474154, at ¶ 35.  The trial court could therefore comply with both the sentencing statutes and our holding in *Brooks* if at this second hearing the court notifies the offender of the specific prison term that may be imposed for a subsequent violation occurring after this second hearing.  We believe that this process complies with the letter and spirit of R.C. 2929.19(B)(5) and 2929.15(B).

*Fraley* at ¶ 17.

{¶ 19}   The *Fraley* court held that the "*original* sentencing hearing is the time when the notification must be given for the court to impose a prison term upon a defendant's *first*

community control violation." (Emphasis in original.) *Id.* at ¶ 15. However, for subsequent violations, a prison term may be imposed if the court properly notified the defendant of the specific prison term when continuing or "resentencing" the defendant to community control. The Court held that when, as here, there are multiple violations of community control, "a trial court sentencing an offender upon a violation of the offender's community control sanction must, at the time of such sentencing, notify the offender of the specific prison term that may be imposed for an *additional* violation of the conditions of the sanctions as a prerequisite to imposing a prison term on the offender for a subsequent violation." (Emphasis added.) *Id.* at ¶ 18.

{¶ 20} In this case, the court did neither. Snoeberger was not properly informed at her original sentencing that she faced a specific term in prison if she violated her community control sanctions. In January 2011, the trial court modified Snoeberger's community control to include additional sanctions, after finding that "there are grounds for her revocation." However, the trial court did not, at that time, notify Snoeberger of the specific prison term that might be imposed if she again violated community control.

{¶ 21} The State asserts that Snoeberger was on notice that she could be sentenced to two years in prison, and thus the court's imposition of a two-year sentence was lawful. The State argues that Snoeberger was told that she faced eight years in prison at her plea and sentencing hearings, and her attorney was told on January 6, 2011, that a two-year sentence was being considered. The State further emphasizes that the court told Snoeberger on January 27 that it "was getting ready to send you to prison. I believe you're pretty aware of that," and Snoeberger expressed her understanding of that. The court also told Snoeberger

that she would be on "no breaks" status.

{¶ 22}    The record supports the State's contention that Snoeberger was aware on January 27 that the trial court intended to impose a prison sentence if there were another violation of community control.   However, the trial court did not inform Snoeberger, at that time, what that specific prison term might be.

{¶ 23}    We do agree with the State's assertion that the trial court satisfied *Fraley* by discussing with counsel on January 6 a possible two-year prison sentence.   Snoeberger's sentencing for the December 2010 community control violation occurred on January 27, 2011, and the trial court was required, at that time, to notify her of the specific prison term that might be imposed if there were another violation.   We agree with Snoeberger that the trial court's failure to inform her of a specific possible prison sentence at her September 2010 sentencing or her January 27, 2011 revocation hearing precluded the trial court from imposing a prison sentence in July 2011, after Snoeberger again violated her community control.

{¶ 24}    Although the issue is not squarely before us in this case, *Brooks* and *Fraley* do not clearly resolve whether the trial court must repeat its notification of the possible prison term for a community control violation at each revocation hearing if proper notice has already been given.   We urge the Supreme Court of Ohio to clarify the law.   In the meantime, trial courts should advise defendants at their initial sentencing of the specific term of imprisonment which would be imposed for a community control violation; both the majority and the dissent in *Fraley* agree on this.   But the trial court should also, at any subsequent revocation hearing/disposition/sentencing/resentencing where the defendant is

continued/placed on/ sentenced to community control, advise the defendant of the specific term that could be imposed should there be another violation of community control sanctions. (This specific term arguably could be less, but could not be more than the specific term mentioned in the initial hearing).

{¶ 25}   Where no specific notification of the possible prison term is provided yet a defendant is sentenced to prison for a subsequent violation of community control, the matter generally should be remanded for resentencing under R.C. 2929.15(B), with a prison term not being an option. *Brooks*, 103 Ohio St.3d 134, 2004-Ohio-4746, 814 N.E.2d 837, at ¶ 33. However, where, as here, the prison sentence has already been served, there can be no remand for resentencing. *Id.*

{¶ 26}   Snoeberger served her prison term for violating her community control, and she is currently under the supervision of the Adult Parole Authority. R.C. 2967.28(B) requires the trial court to impose a three-year period of post-release control in conjunction with a prison sentence for a second-degree felony. In accordance with that statute, the trial court told Snoeberger at her July 2011 sentencing for violating her community control that she was subject to three years of post-release control upon her release from prison. However, because Snoeberger's prison term was not lawfully imposed in this case, she cannot lawfully be subject to post-release control for this offense.

{¶ 27}   Snoeberger's assignment of error is sustained.

{¶ 28}   Snoeberger's prison sentence is reversed, and her post-release control is ordered terminated.

. . . . . . . . . .

FAIN, P.J., concurs.

HALL, J., concurring:

{¶ 29}  At the original and, in my opinion, the only sentencing hearing, Snoeberger incorrectly was advised that for a violation of her community-control sanctions she could be sent to prison for "up to 8 years." Although, in my stubborn view, "up to 8 years" encompasses 8 years, case law consistently has held that sentencing with the words "up to" is incorrect because it does not inform an offender of the "specific" term the offender faces. *State v. Brooks*, 103 Ohio St.3d 134, 2004-Ohio-4746, 814 N.E.2d 837, ¶ 19. Because of this incorrect original sentencing, Snoeberger could not be sent to prison unless the inadequacy was "cured" by providing a specific prison term for future community-control violations, as a result of an initial or interim violation determination.  *State v. Fraley*, 105 Ohio St.3d 13, 2004-Ohio-7110, 821 N.E.2d 995.

{¶ 30}  I too ponder whether *Fraley* answers the question whether a trial court, having once correctly advised an offender of the specific prison consequence for a violation of supervision, must reiterate that consequence at each successive disposition of an interim-violation proceeding. In my experience, community-control sanction violations can range from innocuous behavior to commission of a new felony, and anything in between. The more intense the supervision, the more violations will be found. In the routine management of violations, often a definitive violation is insufficient to justify a prison sentence, or even a modification of the offender's sanctions. To turn each of these proceedings into a full-blown, completely new sentencing hearing is not what the statutory scheme intended and would be a disservice to trial courts in the effective management of their probationers. I believe that a legally-adequate notification in the first instance should

not have to be given over and over again, but caution the trial courts of this district of the potential for an eventual contrary holding.

. . . . . . . . . .

Copies mailed to:

Joseph R. Habbyshaw
Ben M. Swift
Hon. Mary L. Wiseman