**[Cite as *State v. Gibson*, 2013-Ohio-2930.]**

# IN THE COURT OF APPEALS OF OHIO
## SECOND APPELLATE DISTRICT
## CHAMPAIGN COUNTY

STATE OF OHIO

     Plaintiff-Appellee

v.

JUNIOR BURL GIBSON

     Defendant-Appellant


Appellate Case No.    2012-CA-38

Trial Court Case No.   2010-CR-39

(Criminal Appeal from
 Common Pleas Court)

. . . . . . . . . . .

## O P I N I O N

Rendered on the 3rd day of July, 2013.

. . . . . . . . . . .

KEVIN S. TALEBI, Atty. Reg. No. 0069198, Champaign County Prosecuting Attorney, JANE A. NAPIER, Atty. Reg. No. 0061426, Assistant Prosecuting Attorney, 200 N. Main Street, Urbana, Ohio 43078
     Attorney for Plaintiff-Appellee

CATHY J. WEITHMAN, Atty. Reg. No. 002089, 201 W. Court Street, Urbana, Ohio 43078
     Attorney for Defendant-Appellant

. . . . . . . . . . . . .

WELBAUM, J.

{¶ 1} Defendant-Appellant, Junior Burl Gibson, appeals from a trial court judgment revoking Gibson's community control and imposing a prison sentence. Gibson contends that the trial court abused its discretion in sentencing him to four years of imprisonment for each of his third-degree felony convictions.

{¶ 2} We conclude that the trial court erred in sentencing Gibson to a term of four years for a violation of R.C. 2907.21. H.B. 86 was effective at the time of sentencing, and the reduced penalties in R.C. 2929.14(A)(3)(b) should have been applied. However, the trial court did not err or abuse its discretion in imposing a four-year sentence for the violation of R.C. 2907.04. Accordingly, the judgment of the trial court will be affirmed in part and reversed in part, and will be remanded for further proceedings.

I. Facts and Course of Proceedings

{¶ 3} Gibson was originally indicted on three counts of Unlawful Sexual Conduct with a Minor in violation of R.C. 2907.04; three counts of Compelling Prostitution in violation of R.C. 2907.21; and three counts of Sexual Imposition in violation of R.C. 2907.06. The charges arose from allegations that Gibson had performed oral sex on a minor child, had paid the child to let him perform oral sex, and had touched the child's breasts on various occasions from the Spring of 2009 through June 3, 2009.

{¶ 4} In August 2010, Gibson pled guilty to one count of Unlawful Sexual Conduct and one count of Compelling Prostitution, both third-degree felonies, and the remaining charges were dismissed. The trial court found Gibson to be a Tier II Sex Offender, and sentenced him to

five years of community control. In addition, the court prohibited Gibson from having any contact with juvenile females, including the victim, who was 16 years of age at the time Gibson was sentenced. The trial court also stated that if Gibson violated his community control sanctions, a four-year term of imprisonment on each count would be imposed, with the terms to be served concurrently.

{¶ 5} As part of the community control sanctions, Gibson was placed on five years house arrest, with the stipulation that he could not leave the premises unless he was in the immediate presence of his wife. Additional special conditions were that Gibson could not have unsupervised contact with children under age 18, and that he must obtain permission from his supervising officer before having supervised contact with children under the age of 18. The sanctions were subsequently modified to allow Gibson to be away from his wife to go directly to a job site, and while he remained on the job site.

{¶ 6} In late July 2012, the trial court filed a notice of hearing on a community control violation. The alleged violation was that Gibson had contact with a juvenile female on July 21, 2012. A hearing was held, and Gibson did not contest the merits of the violation. The trial court then found probable cause that a violation had occurred, and set a further hearing on the merits of the violation. At the revocation hearing, Gibson admitted the merits of the supervision violation allegations, and the State asked the court to revoke Gibson's community control and impose a four-year prison term.

{¶ 7} According to the defense, Gibson lived with his wife, son, and grandson. The son also had a minor female daughter, who had been dropped off at the family home unannounced, from time to time. When this occurred, Gibson retreated to his garage workshop

to avoid contact.   On the day of the alleged violation, Gibson had gone to the garage and had then come to the front porch of the family home to wait for a tool that a neighbor was bringing back to him.   While Gibson sat on the porch, his minor granddaughter came out of the house and immediately hopped on his lap.   After pushing her off his lap, Gibson returned to the garage.

{¶ 8}     Gibson admitted that the female child had been visiting about once every two weeks, and had stayed each time for one to five hours.   He stated that he "usually" went to the garage when his granddaughter came to the house.   August 13, 2012 Transcript of Revocation Proceedings, p. 10.   At no time did Gibson inform his probation officer that any juvenile females were coming to his house.   The probation officer was at the hearing, and stated that even if he had known, the visits would not have been allowed, due to the no contact order.

{¶ 9}     After hearing the statements, the trial court revoked Gibson's community control and sentenced him to four years in prison on each count, with the prison terms to run concurrently.    Gibson appeals from the judgment revoking his community control and imposing sentence.

## II.   Did the Trial Court Abuse its Discretion
## in Sentencing Gibson to a Prison Term?

{¶ 10}     Gibson's sole assignment of error states that:

The Trial Court Abused its Discretion in Sentencing Defendant-Appellant to Four Years on His Third Degree Felonies.

{¶ 11}     Under this assignment of error, Gibson contends that the trial court abused its discretion because Gibson was a first-time offender, and the conduct that constituted the

community control violation was not outrageous and did not constitute a new criminal offense.

{¶ 12}   In *State v. Adams*, 2d Dist. Champaign No. 09-CA-37, 2011-Ohio-2562, we noted that:

> Appellate review of felony sentencing requires the appellate court to do two things: (1) review the sentence imposed and the trial court's compliance with the rules and statutes for sentencing to determine whether the sentence being reviewed is clearly and convincingly contrary to the law; and if not, (2) review the trial court's decision for an abuse of discretion.  *State v. Kalish*, 120 Ohio St.3d 23, 2008-Ohio-4912.   An abuse of discretion means the trial court's decision was unreasonable, arbitrary or unconscionable.  *State v. Hancock*, 108 Ohio St.3d 57, 2006-Ohio-160.   Under Ohio sentencing law, the severity of a sentence imposed is in the sole discretion of the trial court and will not be set aside on appeal unless it is demonstrated from the record that the trial court unreasonably ignored the applicable sentencing statutes.  *State v. Williams* (1982), 7 Ohio App.3d 160; *State v. Stefen* (1987), 31 Ohio St.3d 111.  *Adams* at ¶ 7.

{¶ 13}   We will first consider whether the sentences are clearly and convincingly contrary to law.

A.   Were the Sentences Clearly and Convincingly Contrary to Law?

{¶ 14}   Gibson was convicted of having violated R.C. 2907.04 and 2907.21, which are third-degree felonies.  When Gibson was sentenced to community control in November 2010, R.C. 2919.14(A)(3) provided for potential sentences of one to five years for third-degree felonies.

However, when Gibson's community control was revoked, and he was sentenced to prison, R.C. 2929.14(A)(3) had been amended by H.B. 86, which was effective on September 30, 2011.

{¶ 15} As amended by H.B. 86, R.C. 2929.14(A)(3) provided that courts should impose a definite term:

(a) For a felony of the third degree that is a violation of section 2903.06, 2903.08, 2907.03, 2907.04, or 2907.05 of the Revised Code or that is a violation of section 2911.02 or 2911.12 of the Revised Code if the offender previously has been convicted of or pleaded guilty in two or more separate proceedings to two or more violations of section 2911.01, 2911.02, 2911.11, or 2911.12 of the Revised Code, the prison term shall be twelve, eighteen, twenty-four, thirty, thirty-six, forty-two, forty-eight, fifty-four, or sixty months.

(b) For a felony of the third degree that is not an offense for which division (A)(3)(a) of this section applies, the prison term shall be nine, twelve, eighteen, twenty-four, thirty, or thirty-six months.

{¶ 16} If the amended statute applies, Gibson would have been subject to potential sentences of one to five years for the R.C. 2907.04 violation, and nine to 36 months for the R.C. 2907.21 violation.

{¶ 17} Regarding retroactive application, Section 4 of H.B. 86 provides that the amendments to 2929.14(A) "apply to a person who commits an offense specified or penalized under those sections on or after the effective date of this section and to a person to whom division (B) of section 1.58 of the Revised Code makes the amendments applicable." R.C. 1.58 (B) further states that "[i]f the penalty, forfeiture, or punishment for any offense is reduced by a

reenactment or amendment of a statute, the penalty, forfeiture, or punishment, if not already imposed, shall be imposed according to the statute as amended."

{¶ 18} In *State v. Arnold*, 2012-Ohio-5786, 984 N.E.2d 364 (2d Dist.), *motion to certify allowed*, 134 Ohio St.3d 1483, 2013-Ohio-902, 984 N.E.2d 28, the defendant committed an offense prior to the effective date of H.B. 86, but was sentenced after the bill became effective. We noted the State's concession that the defendant "is entitled to the lesser sentence made applicable through the application of H.B. 86 and R.C. 1.58(B). In other words, the State concedes that the amendments in H.B. 86 apply to [the defendant] and that he is entitled to receive the lesser sentence for a fourth-degree felony rather than the sentence for a third-degree felony." *Id*. at ¶ 10.[1]

{¶ 19} Furthermore, even though Gibson had been previously sentenced to community control sanctions, the amendments to R.C. 2929.14(A)(3) would still apply. In *State v. Fraley,* 105 Ohio St.3d 13, 2004-Ohio-7110, 821 N.E.2d 995, the Supreme Court of Ohio stressed that "[f]ollowing a community control violation, the trial court conducts a second sentencing hearing. At this second hearing, the court sentences the offender anew and must comply with the relevant sentencing statutes." (Citation omitted.) *Id.* at ¶ 17. *Accord State v. Dunson*, 2d Dist.

---

[1] The certification in *Arnold* involves a conflict among districts regarding whether reduced degrees of offenses in H.B. 86 also apply retroactively to cases in which an offense was committed prior to the effective date of H.B. 86. We concluded in *Arnold* that the reduced degree of offenses would apply, in addition to the reduced sentence. *Arnold* at ¶ 11-14. The appeal in *Arnold* is being held pending a decision in *State v. Taylor*, 9th Dist. Summit No. 26279, 2012-Ohio-5403. *See Arnold,* 134 Ohio St.3d 1483, 2013-Ohio-902, 984 N.E.2d 28. That conflict has no bearing on the case before us, because R.C. 2929.14(A)(3), as amended, reduces only the penalty for some third-degree felonies; it does not reduce the degree of the offense. Even the conflict cases agree that defendants sentenced after the effective date of H.B. 86 are entitled to the benefit of decreased penalties enacted while their cases are pending. *See, e.g., Taylor* at ¶ 7.

Montgomery No. 20961, 2006-Ohio-775, ¶ 25, and *State v. Snoeberger*, 2d Dist. Montgomery No. 24767, 2013-Ohio-1375, ¶ 18 (noting that after community control violations, the trial court conducts a second sentencing hearing and sentences the defendant anew).

**{¶ 20}** In *State v. West*, 2d Dist. Montgomery No. 24998, 2012-Ohio-4615, we addressed a situation similar to the case before us. The defendant in *West* had been sentenced to community control on two occasions: in 2006 for a fourth-degree felony, and in 2009, for a fifth-degree felony. *Id.* at ¶ 3-4. In both cases, the defendant was advised of the potential prison sentences that would be imposed for violations of community control. *Id.*

**{¶ 21}** In December 2011, West was found to have violated his community control, and he was sentenced to prison terms in both cases, based on the sentences that would have been imposed prior to the enactment of H.B. 86. *Id.* at ¶ 6. The trial court expressed uncertainty over whether the lesser prison terms available under H.B. 86 should apply, but elected to apply the pre-amendment penalties. *Id.*

**{¶ 22}** In reviewing the matter, we noted, as we have in the case before us, that Section 4 of H.B. 86 includes a reference to R.C. 1.58(B). We observed that "[t]he key phrase in R.C. 1.58(B) is 'if not already imposed.' " *Id.* at ¶ 12.

**{¶ 23}** After making this observation, we discussed *State v. Nistelbeck*, 10th Dist. Franklin No. 11AP-874, 2012-Ohio-1765, which involved a similar situation. In this regard, we commented that:

> On appeal, the *Nistelbeck* court had to determine whether the trial court
> erred in failing to apply the amendment to the abduction statute. The key to the
> court's analysis was determining whether a sentence is actually imposed at the

time of the original sentencing, or if the sentence is actually imposed after the violation of the conditions of community control. *West* at ¶ 13.

**{¶ 24}** We noted that *Nistelbeck* had relied on R.C. 2929.19 (B)(5), which outlines sanctions courts may impose for violations of community control, and on *State v. Brooks*, 103 Ohio St.3d 134, 2004-Ohio-4746, 814 N.E.2d 837, which discusses notification requirements under R.C. 2929.19(B)(5) and 2929.15(B). *Id.*

**{¶ 25}** We then quoted the following comments that the Tenth District Court of Appeals had made in *Nistelbeck*:

> "Both *Brooks* and R.C. 2929.19(B)(5) refer to 'the specific prison term that may be imposed.' This choice of words implies that the prison term has not actually been imposed yet, but will be imposed upon revocation of community control. If the prison term has not been imposed yet, this is not already imposed for purposes of R.C. 1.58(B)." *West*, 2d Dist. Montgomery No. 24998, 2012-Ohio-4615, at ¶ 13, quoting *Nistelbeck*, 10th Dist. Franklin No. 11AP-874, 2012-Ohio-1765, at ¶ 10.

**{¶ 26}** Accordingly, the Tenth District Court of Appeals concluded that the defendant's sentence had not been imposed prior to H.B. 86, and that he was entitled to the benefit of the reduction in sentence caused by the amendments. *Nistelbeck* at ¶ 11. In *West*, we followed the decision of the Tenth District Court of Appeals, stating that:

> We agree with the analysis and reasoning of the Tenth District Court of Appeals in *Nistelbeck*. West's original sentencing for Theft and Grand Theft provided for five years of community control for each violation. He was not

sentenced to prison at the time of either of his original sentences. After his convictions and sentences of community control, Ohio's sentencing statutes were amended. Pursuant to H.B. 86 and R.C. 1.58, West may gain the benefit of these amendments if the "penalty, forfeiture, or punishment" is "not already imposed" as of September 30, 2011. The trial court did not sentence West to prison until December 27, 2011, well after the date on which H.B. 86 became effective. Therefore, the punishment of twenty months in prison was "not already imposed" at the time of the amendments to Ohio's sentencing statutes. R.C. 1.58. The trial court erred by not applying the amendments to Ohio's sentencing statutes to West at the time of sentencing. *West* at ¶ 14.

**{¶ 27}** In light of the above discussion, Gibson's four-year sentence for the violation of R.C. 2907.21 is clearly and convincingly contrary to law. The trial court should have selected a term between 9 and 36 months.

**{¶ 28}** Having concluded that the sentence for the violation of R.C. 2907.21 is clearly and convincingly contrary to law, Gibson's assignment of error is sustained as to that part of the sentence. We will next consider whether the sentence of four years for the violation of R.C. 2907.04 is clearly and convincingly contrary to law in any other way, since the sentence was not affected by H.B. 86 and was within the one to five year range authorized by R.C. 2929.14(A)(3)(a).

**{¶ 29}** "The trial court has full discretion to impose any sentence within the authorized statutory range, and the court is not required to make any findings or give its reasons for imposing maximum or more than minimum sentences." *State v. Nelson*, 2d Dist. Montgomery

No. 25026, 2012-Ohio-5797, ¶ 62, citing *State v. Foster*, 109 Ohio St.3d 1, 2006-Ohio-856, 845 N.E.2d 470, paragraph seven of the syllabus. "However, the trial court must comply with all applicable rules and statutes, including R.C. 2929.11 and R.C. 2929.12." *Id.*, citing *State v. Mathis*, 109 Ohio St.3d 54, 2006-Ohio-855, 846 N.E.2d 1, ¶ 37.

**{¶ 30}** R.C. 2929.11(A) requires courts sentencing for felonies to be "guided by overriding purposes of felony sentencing," which are "to protect the public from future crime by the offender and others and to punish the offender using the minimum sanctions that the court determines accomplish those purposes without imposing an unnecessary burden on state or local government resources." Further, "[t]o achieve those purposes, the sentencing court shall consider the need for incapacitating the offender, deterring the offender and others from future crime, rehabilitating the offender, and making restitution to the victim of the offense, the public, or both." *Id.*

**{¶ 31}** At the hearing, the trial court stated that it had "reviewed and applied the purposes and principles of sentencing." The court did not make any further comments in this regard, other than noting in the judgment entry that "no reasonable alternatives to incarceration were available because of the nature of Defendant's offenses." September 11, 2012 Judgment Entry, Doc. #55, p. 1.

**{¶ 32}** R.C. 2929.12(A) further states that in exercising discretion over "the most effective way to comply with the purposes and principles of sentencing" in R.C. 2929.11:

> [T]he court shall consider the factors set forth in divisions (B) and (C) of this section relating to the seriousness of the conduct, the factors provided in divisions (D) and (E) of this section relating to the likelihood of the offender's recidivism,

and the factors set forth in division (F) of this section pertaining to the offender's service in the armed forces of the United States and, in addition, may consider any other factors that are relevant to achieving those purposes and principles of sentencing.

{¶ 33}    R.C. 2929.12(B) contains a list of nine factors that the trial court is to consider indicating that "the offender's conduct is more serious than conduct normally constituting the offense."   R.C. 2929.12(C) also outlines a set of four factors that the sentencing court is to consider "as indicating that the offender's conduct is less serious than conduct normally constituting the offense."   Further, R.C. 2929.12(D) and (E) each list five factors that trial courts are to consider regarding the offender's likelihood of re-offending.   And finally, R.C. 2929.12(F) states that "[t]he sentencing court shall consider the offender's military service record and whether the offender has an emotional, mental, or physical condition that is traceable to the offender's service in the armed forces of the United States and that was a contributing factor in the offender's commission of the offense or offenses.[2]

{¶ 34}    The trial court failed to refer to seriousness or recidivism during the sentencing hearing, and failed to refer to these matters in the sentencing entry, other than stating that it had "reviewed sentencing factors."   September 11, 2012 Judgment Entry, Doc. #55, p. 1.

{¶ 35}    Nonetheless, "[a] trial court is not required to state that it has considered R.C. 2929.11 and R.C. 2929.12.   Unless the sentence it imposes is contrary to law, a trial court is presumed to have considered them."   (Citation omitted.)   *State v. Neff*, 2d Dist. Clark No.

---

[2]   A sentencing memorandum filed in connection with the original imposition of community control indicates that Gibson was an 80-year old veteran who had served his country during two tours of Korea.    Sentencing Memorandum, Doc. #25, p.2.    Gibson did not suggest in the trial court that his military service contributed to the commission of the offenses.

2012-CA-31, 2012-Ohio-6047, ¶ 5. This presumption arises, even if the statutes are not specifically mentioned in the record. *State v. Vannatta*, 2d Dist. Champaign No. 10CA34, 2011-Ohio-5074, ¶ 11, citing *State v. Cave*, 2d Dist. Clark No. 09-CA-6, 2010-Ohio-1237, ¶ 10, and *Kalish*, 120 Ohio St.3d 23, 2008-Ohio-4912, 896 N.E.2d 124, at ¶ 18, n. 4.

**{¶ 36}** Gibson has not complied with his duty to affirmatively show that the presumption is inappropriate. *State v. Blessing*, 2d Dist. Clark No. 2011 CA 56, 2013-Ohio-392, ¶ 29. (Citation omitted.) In addition, the sentence for the violation of R.C. 2907.04 is within the statutory ranges. Accordingly, the sentence for the violation of R.C. 2907.04 is not clearly and convincingly contrary to law.

### B. Did the Trial Court Abuse its Discretion in Sentencing Gibson?

**{¶ 37}** The final issue before us is whether the trial court abused its discretion in sentencing Gibson to four years in prison for the violation of R.C. 2907.04. As was noted, "[a]n abuse of discretion means the trial court's decision was unreasonable, arbitrary or unconscionable." (Citation omitted.) *Adams*, 2d Dist. Champaign No. 09-CA-37, 2011-Ohio-2562, at ¶ 7. "Under Ohio sentencing law, the severity of a sentence imposed is in the sole discretion of the trial court and will not be set aside on appeal unless it is demonstrated from the record that the trial court unreasonably ignored the applicable sentencing statutes." (Citations omitted.) *Id.*

**{¶ 38}** After reviewing the record, we cannot conclude that the trial court abused its discretion. The court noted that no other alternatives were available, and expressed great concern over the frequency with which a minor female had been in Gibson's home. Under the

circumstances, the court did not act unreasonably in imposing a four-year sentence  for Gibson's violation of R.C. 2907.04.

{¶ 39}　Based on the preceding discussion, Gibson's sole assignment of error is sustained in part and is overruled in part.  This matter will be remanded to the trial court for resentencing on the violation of R.C. 2907.21.

## III.　Conclusion

{¶ 40}　Gibson's sole assignment of error having been sustained in part and overruled in part, this cause is reversed in part and is affirmed in part.  This cause is remanded to the trial court for further proceedings.

. . . . . . . . . . . .

DONOVAN and HALL, JJ., concur.

Copies mailed to:

Kevin S. Talebi
Jane A. Napier
Cathy J. Weithman
Hon. Roger B. Wilson