[Cite as *State v. Stewart*, 2013-Ohio-5623.]

## IN THE COURT OF APPEALS OF OHIO
### SECOND APPELLATE DISTRICT
### CLARK COUNTY

STATE OF OHIO

      Plaintiff-Appellee

v.

CHRISTOPHER STEWART

      Defendant-Appellant


Appellate Case No.    2013-CA-22

Trial Court Case No.   2012-CR-783


(Criminal Appeal from
 Common Pleas Court)

. . . . . . . . . . .

# O P I N I O N

Rendered on the 20th day of December, 2013.

. . . . . . . . . . .

LISA M. FANNIN, Atty. Reg. No. 82337, Clark County Assistant Prosecutor, 50 East Columbia Street, P.O. Box 1608, Springfield, Ohio 45501
     Attorney for Plaintiff-Appellee

LINDA JOANNE CUSHMAN, Atty. Reg. No. 43543, 150 North Limestone Street, Suite 206, Springfield, Ohio 45501
     Attorney for Defendant-Appellant

CHRISTOPHER STEWART, Inmate No. 677317, London Correctional Facility, P.O. Box 69, London, Ohio 43140
     Defendant-Appellant

. . . . . . . . . . . .

WELBAUM, J.

{¶ 1} Defendant-Appellant, Christopher Stewart, appeals from his conviction and sentences following guilty pleas to violations of Aggravated Vehicular Homicide and Aggravated Vehicular Assault. Appellate counsel has filed a brief pursuant to *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.E.2d 493 (1967), wherein she recites that she has found no potential assignments of error having arguable merit. She states two possible assignments of error which we have considered. We have performed our duty, under *Anders,* to review the record independently, and we also find no potential assignments of error having arguable merit.

{¶ 2} On September 10, 2012, Stewart was indicted by the Clark County Grand Jury on one count of Aggravated Vehicular Homicide, R.C. 2903.06(A)(1)(a), a felony of the first degree, Aggravated Vehicular Assault, R.C. 2903.08(A)(2)(b), a felony of the second degree (both with specifications that at the time Stewart was driving under suspension), and Operating a Vehicle Under the Influence of Alcohol or Drugs, R.C. 4511.19(A)(1)(a), in Case No. 2012-CR-620.

{¶ 3} On November 13, 2012, Stewart was indicted on charges of Aggravated Vehicular Homicide, R.C. 2903.06(A)(1)(a), a felony of the first degree, Aggravated Vehicular Assault, R.C. 2903.08(A)(1)(a), a felony of the second degree (both with specifications that at the time Stewart was driving under suspension), Operating a Vehicle Under the Influence of Alcohol or Drugs, R.C. 4511.19(A)(1)(b), and Operating a Vehicle Under the Influence of Alcohol or Drugs, R.C. 4511.19(A)(1)(j)(viii)(I), in Case No. 2012-CR-783.

{¶ 4} Since the charges in the two cases arose out of the same incident, on December 10, 2012, the trial court consolidated the cases by agreement of the parties, thereby adding

additional charges to the first indictment. The parties reached a negotiated plea agreement.

{¶ 5} Stewart entered a plea of guilty to one count of Aggravated Vehicular Homicide, R.C. 2903.06(A)(1)(a), a felony of the first degree, with a specification that he was driving under suspension at the time of the offense, and one count of Aggravated Vehicular Assault, R.C. 2903.08(A)(1)(a) a felony of the third degree, after such specification had been dismissed. The State also dismissed Case No. 2012-CR-620 and the remaining two counts of Operating a Vehicle Under the Influence of Alcohol or Drugs. The court ordered a pre-sentence investigation.

{¶ 6} The court sentenced Stewart to maximum prison terms, 11 years for the aggravated vehicular homicide and five years for the aggravated vehicular assault to be served consecutively, for a total of 16 years. The court suspended Stewart's driver's license for life and imposed the mandatory five year term of post release control.

{¶ 7} The charges arose from Stewart causing the death of William E. Parks and extremely serious physical harm to Cynthia Parks while driving under the influence of alcohol and drugs. Stewart was so impaired he did not realize he was driving his truck in the wrong direction on a one way street, when it hit the Parks' motorcycle head-on. Tr., p. 10. Stewart had six prior convictions for impaired driving and was on probation and driving under suspension from a recent conviction. Tr., p. 11.

{¶ 8} The first possible assignment of error states,

THE TRIAL JUDGE DID NOT CONSIDER ALL NECESSARY FACTORS PRIOR TO DETERMINING THE SENTENCE TO THE DETRIMENT OF APPELLANT.

{¶ 9} The trial court failed to state that it considered the principles and purposes of

sentencing under R.C. 2929.11 and balanced the seriousness and recidivism factors under R.C. 2929.12. However, we have previously stated that:

> The trial court failed to refer to seriousness or recidivism during the sentencing hearing, and failed to refer to these matters in the sentencing entry, other than stating that it had "reviewed sentencing factors." September 11, 2012 Judgment Entry, Doc. # 55, p. 1.

> Nonetheless, "[a] trial court is not required to state that it has considered R.C. 2929.11and R.C. 2929.12. Unless the sentence it imposes is contrary to law, a trial court is presumed to have considered them." (Citation omitted.) *State v. Neff*, 2d Dist. Clark No. 2012–CA–31, 2012–Ohio–6047, ¶ 5. This presumption arises, even if the statutes are not specifically mentioned in the record. *State v. Vannatta*, 2d Dist. Champaign No. 10CA34, 2011–Ohio–5074, ¶ 11, citing *State v. Cave*, 2d Dist. Clark No. 09–CA–6, 2010–Ohio–1237, ¶ 10, and *Kalish*, 120 Ohio St.3d 23, 2008–Ohio–4912, 896 N.E.2d 124, at ¶ 18, n. 4. *State v. Gibson*, 2d Dist. Champaign No. 2012-CA-38, 2013-Ohio-2930, ¶ 34-35.

{¶ 10} Here, the trial court imposed the maximum sentence, which was within the statutory range. The trial court stated at the sentencing hearing that it considered the pre-sentence investigation, Stewart's six prior convictions for OVI, that Stewart committed the offenses while on probation and under suspension for OVI, and that Stewart was under the influence of marijuana and alcohol when he drove his truck the wrong direction on a one-way street.

{¶ 11} Although the trial court failed to state that it considered the seriousness and

recidivism factors, from the foregoing record, and the language contained in the sentencing entry, we may presume that it considered the law. February 1, 2013 Judgment Entry of Conviction Doc. No.9, p. 1.

{¶ 12} The second possible assignment of error states,

THE TRIAL JUDGE ERRED IN FINDING THE NECESSARY REQUIREMENTS FOR IMPOSING CONSECUTIVE SENTENCES.

{¶ 13} We reject this suggestion because the trial court stated the required findings for imposition of consecutive sentences at the sentencing hearing. Tr., p. 11-12.

{¶ 14} Stewart has appealed his conviction and sentence. His appellate counsel has filed a brief pursuant to *Anders,* 386 U.S. 738, 87 S.Ct. 1396, 18 L.E.2d 493 (1967), stating that he can find no potential assignments of error having arguable merit. By entry filed on August 29, 2013, Stewart was advised that an *Anders* brief had been filed on his behalf, and he was given 60 days from that date to file his own pro se brief. He has not filed a pro se brief.

{¶ 15} In *Anders*, the United States Supreme Court held that if counsel does a conscientious examination of the case and determines an appeal to be frivolous, counsel should advise the court and request permission to withdraw. *Id.* at 744. Counsel must also give the appellant a copy of the brief along with the request to withdraw. *Id.* The appellant must be given sufficient time to raise any matters he so chooses. *Id.* After those requirements are satisfied, the appellate court must conduct a thorough examination of the proceedings to determine if the appeal is actually frivolous. *Id.* A frivolous appeal is "one that presents issues lacking in arguable merit." *State v. Marbury*, 2d Dist. Montgomery No. 19226, 2003-Ohio-3242, ¶ 8. "An issue lacks arguable merit if, on the facts and law involved, no

responsible contention can be made that it offers a basis for reversal."  (Citation omitted.)  *Id*. If the appellate court determines the appeal is frivolous, it may then grant counsel's request to withdraw and then dismiss the appeal without violating any constitutional requirements, or the court can proceed to a decision on the merits, if state law requires it.  *Anders* at 744.

{¶ 16} In this case, the requirements in *Anders* have been satisfied.  After conducting a thorough, independent review of the proceedings, we found no potential assignments of error having arguable merit.  Accordingly, Stewart's appeal is wholly frivolous, and the judgment of the trial court is affirmed.

. . . . . . . . . . . . .

DONOVAN and HALL, JJ.,  concur.

Copies mailed to:

Lisa M. Fannin
Linda Joanne Cushman
Christopher Stewart
Hon. Douglas M. Rastatter