OPINION *Page 2 
{¶ 1} Defendant-Appellant, Jonathan Oliver, appeals from the judgment of conviction and sentence entered after Appellant pled no contest to one count of Possession of Cocaine, a felony of the fifth degree, in violation of Ohio Revised Code Sections 2925.11(A) and (C)(4)(a). He also pled no contest to one count of Aggravated Possession of Drugs, a felony of the fifth degree, in violation of Ohio Revised Code Sections2925.11(A) and (C)(1)(a). Appellant was given a community control sanction with a nine-month prison term reserved in the event that Appellant violated the terms of community control. This nine-month sentence would be imposed consecutive to a second, unrelated case for which he was already on community control out of a different court. Likewise, the community control sanction was ordered to be served consecutive to the community control sanction in the other case. A timely Notice of Appeal was filed on October 25, 2006. On December 22, 2006, counsel for Appellant filed a brief pursuant to Anders v.California (1967), 386 U.S. 738, rehearing den. (1967), 388 U.S. 924, indicating that the within appeal was wholly frivolous and setting forth proposed Assignments of Errors. The Court after having reviewed the briefs finds the appeal in the instant case is not wholly frivolous and denies appellate counsel's Motion to Withdraw pursuant toAnders. The Supreme Court in Anders differentiates between issues on appeal which an appellate attorney may believe are without merit and those appeals where any appeal is wholly frivolous.
 I. {¶ 2} "THE TRIAL COURT COMMITTED HARMFUL ERROR IN DENYING THE APPELLANT'S MOTION TO DISMISS. *Page 3 
 II. {¶ 3} "THE TRIAL COURT COMMITTED HARMFUL ERROR IN SENTENCING THE APPELLANT TO A TERM OF COMMUNITY CONTROL CONSECUTIVE TO THAT [WHICH] HE WAS SENTENCED TO IN AN UNRELATED CASE.
 III. {¶ 4} "THE APPELLANT WAS DENIED EFFECTIVE ASSISTANCE OF TRIAL COUNSEL.
 IV. {¶ 5} "THE APPELLANT WAS DENIED DUE PROCESS BY THE PROCEEDINGS BELOW."
 {¶ 6} Before we address the merits of the assignments of error, we will address appellate counsel's Motion to Withdraw. The Supreme Court of the United States outlines a procedure for appellate defense attorneys to follow in the event they find the appeal wholly frivolous.
 {¶ 7} In Anders, the United States Supreme Court held if, after a conscientious examination of the record, a defendant's counsel concludes the case is wholly frivolous, then he should so advise the court and request permission to withdraw. Id. at 744. Counsel must accompany his request with a brief identifying anything in the record that could arguably support his client's appeal. Id. Counsel also must: (1) furnish his client with a copy of the brief and request to withdraw; and, (2) allow his client sufficient time to raise any matters that the client chooses. Id. *Page 4 
Once the defendant's counsel satisfies these requirements, the appellate court must fully examine the proceedings below to determine if any arguably meritorious issues exist. If the appellate court also determines that the appeal is wholly frivolous, it may grant counsel's request to withdraw and dismiss the appeal without violating constitutional requirements, or may proceed to a decision on the merits if state law so requires. Id.
 {¶ 8} Counsel in this matter has followed the procedure in Anders v.California (1967), 386 U.S. 738, however, a review of Anders reveals the Court makes a distinction between those appeals counsel believes are wholly frivolous and those which counsel believes are without merit. After reviewing the brief and record submitted in this matter, we do not believe the assignments of error are wholly frivolous despite our ultimate conclusion that the assignments of error lack merit. Therefore, counsel's motion to withdraw is denied, and we will address the assignments of error on the merits.
 STATEMENT OF CASE AND FACTS {¶ 9} Appellant filed a Motion to Dismiss the charges against him in the trial court. Essentially, Appellant argued his Sixth Amendment constitutional right to a speedy trial was violated by the State's delay in charging him with these crimes. After hearing arguments on the motion, the trial court denied Appellant's motion, but permitted Appellant to enter No Contest pleas to the charges. A pre-sentence investigation was ordered, and Appellant received a community control sanction as detailed supra. *Page 5 
 {¶ 10} The Motion to Dismiss filed by Appellant was argued before the trial court with no actual evidence taken. The indictment in this case was filed on May 26, 2006, and it alleged Appellant did possess drugs on or about July 13, 2005. Ten months lapsed from the time of the alleged crime and the time of the filing of the indictment. Appellant argued that his Sixth Amendment constitutional right to a speedy trial had been violated as opposed to his statutory right to a speedy trial.
 {¶ 11} At the sentencing, the trial court asked the State to give a presentation of the facts of the case. The State contended that on July 13, 2005, police observed Appellant standing against a vehicle apparently asleep. Upon further investigation, officers determined Appellant appeared to be under the influence of drugs. On the ground next to Appellant were hypodermic needles. Appellant had track marks on his arms. Appellant was arrested and transported to Licking Memorial Hospital where he gave a urine sample. The testing of the sample revealed it contained the cocaine metabolite, as well as codeine.
 {¶ 12} During the plea hearing, Appellant stated he agreed with the facts as presented by the State and stated he was "greatly" satisfied with his attorney. When asked by the trial court as to whether any threats, promises, or plea negotiations had been made, he stated there had been none.
 I. {¶ 13} The Sixth Amendment to the United States Constitution provides: "In all criminal prosecutions, the accused shall enjoy the right to a speedy and public trial." The Sixth Amendment right to a speedy trial applies to state prosecutions by virtue of the Due Process Clause of theFourteenth Amendment. Klopfer v. North *Page 6 Carolina (1967), 386 U.S. 213, 222-223, 87 S.Ct. 988, 993, 18 L.Ed.2d 1. Article I, Section 10 of the Ohio Constitution also guarantees an accused the right to a speedy trial.
 {¶ 14} "The Sixth Amendment right to a speedy trial is * * * not primarily intended to prevent prejudice to the defense caused by passage of time; that interest is protected primarily by the Due Process Clause and by statutes of limitations. The speedy trial guarantee is designed to minimize the possibility of lengthy incarceration prior to trial, to reduce the lesser, but nevertheless substantial, impairment of liberty imposed on an accused while released on bail, and to shorten the disruption of life caused by arrest and the presence of unresolved criminal charges." State v. Triplett (1997), 78 Ohio St.3d 566, 568
(citing United States v. MacDonald (1982), 456 U.S. 1, 8,102 S.Ct. 1497, 1502, 71 L.Ed.2d 696, 704).
 {¶ 15} In U.S. v. Lovasco (1977), 431 U.S. 783, 97 S.Ct. 2044,52 L.Ed.2d 752, the United States Supreme Court set forth a two-part test to determine whether the State has violated an accused's right to a speedy trial. The factors determining the violation are: 1) actual, substantial prejudice to the defendant; and, 2) unjustifiable reasons for the delay. Id.
 {¶ 16} The defendant bears the initial burden of proving actual prejudice. Upon a showing of actual prejudice, the burden then shifts to the State to justify the delay. State v. Ricosky (Apr.19, 2004), Stark App. 2003CA00174 at *2. To determine if a defendant will suffer actual prejudice, any claim of prejudice must be balanced against the evidence in the case. Id. The reason for the delay is then considered and *Page 7 
weighed against any actual prejudice. Due process is not violated by an honest "investigative delay" in prosecution. Lovasco at 790.
 {¶ 17} In this matter, the defendant's only assertion as to the prejudice from the delay is the assertion the urine sample and test may no longer exist. As the State conceded, if the urine test no longer exists, the State's case would lack the proof necessary to proceed in the prosecution. If the urine test did not exist any longer, Appellant would obviously benefit from the resulting lack of evidence against him. Not only did Appellant fail to show that the urine sample itself no longer exists, he failed to show that any prejudice would have resulted even if it did not exist. Therefore, Appellant failed to prove actual prejudice; however, the Court will consider the remainingLovasco factor.
 {¶ 18} The second prong of the Lovasco test then looks to the State's reasoning for the delay. The State indicated at the hearing on the motion to dismiss the reason for the delay was due to some possible additional investigation being conducted as to where the Appellant obtained the drugs. In addition, the prosecutor stated that his office was forced to prioritize cases due to a lack of manpower and due to the fact that several homicides had been handled during this time period. These have been found to be legitimate reasons for pre-indictment delay.Lovasco and State v. Ip (8th App. Dist.) 2006WL1280954.
 {¶ 19} Appellant's first proposed Assignment of Error is overruled.
 II. {¶ 20} On February 27, 2006, the Ohio Supreme Court issued its decision in State v. Foster, 109 Ohio St.3d 1, 2006-Ohio-856,845 N.E.2d 470. In Foster, the *Page 8 
Ohio Supreme Court held that under the United States Supreme Court decisions in Apprendi v. New Jersey (2000), 530 U.S. 466,120 Sup.Ct. 2348, and Blakeley v. Washington (2004), 542 U.S. 296, 124 Sup.Ct. 2531,159 L.Ed.2d 403, portions of Ohio's sentencing scheme were unconstitutional because they required judicial fact-finding before a defendant could be sentenced to more than the minimum sentence, the maximum sentence and/or consecutive sentences. To remedy this, the Ohio Supreme Court severed the unconstitutional sections from the Ohio Sentencing Code. Thus, trial courts now have full discretion to impose a prison sentence within the statutory range and are no longer required to make findings or give their reasons for imposing maximum, consecutive or more than minimum sentences. State v. Mathis, 109 Ohio St.3d 54,2006-Ohio-855, 846 N.E.2d 1, syllabus paragraph 3.
 {¶ 21} After Foster, trial courts are still required to consider the general guiding factors contained in R.C. § 2929.11 and R.C. § 2929.12, see Foster at paragraph 42.
 {¶ 22} The trial court stated that the presentence investigation report had been reviewed prior to sentencing. The sentence which was given was within the statutory sentencing range. In fact, the trial court sentenced Appellant to community control, which is the least restrictive option before the court.
 {¶ 23} Appellant's second proposed Assignment of Error is overruled.
 III. {¶ 24} Appellant has raised no facts which would warrant a finding that Appellant's trial counsel was ineffective. The only apparent flaw of trial counsel was that he did not appear at one hearing which had to be rescheduled. *Page 9 
 {¶ 25} The standard this issue must be measured against is set out inState v. Bradley (1989), 42 Ohio St.3d 136, paragraphs two and three of the syllabus, certiorari denied (1990), 497 U.S. 1011.
 {¶ 26} Appellant must establish the following: "2. Counsel's performance will not be deemed ineffective unless and until counsel's performance is proved to have fallen below an objective standard of reasonable representation and, in addition, prejudice arises from counsel's performance. (State v. Lytle [1976], 48 Ohio St.2d 391, 2 O.O.3d 495, 358 N.E.2d 623; Strickland v. Washington [1984],466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674, followed.) "3. To show that a defendant has been prejudiced by counsel's deficient performance, the defendant must prove that there exists a reasonable probability that, were it not for counsel's errors, the result of the trial would have been different."
 {¶ 27} Trial counsel's performance was zealous and met with the satisfaction of Appellant. There is absolutely nothing in the record which suggests that trial counsel's performance was below an objective standard of reasonable representation.
 {¶ 28} Appellant's third proposed Assignment of Error is overruled.
 IV. {¶ 29} The trial court thoroughly discussed his Constitutional Rights with Appellant. The record is clear that Appellant understood his rights and was afforded due process. There are no facts in the proposed Assignment of Error which would warrant raising this issue on appeal.
 {¶ 30} Appellant's fourth proposed Assignment of Error is overruled. *Page 10 
 {¶ 31} The judgment of the Licking County Court of Common Pleas, General Division, is affirmed.
 Wise, P.J. Edwards, J. and Delaney, J. concur. *Page 11 
 JUDGMENT ENTRY
For the reasons stated in the Memorandum-Opinion on file, the judgment of the Licking County Court of Common Pleas, General Division, is affirmed.
Attorney Devon C. Harmon's motion to withdraw as counsel for Appellant is hereby denied.
 COSTS TAXED TO APPELLANT. *Page 1