[Cite as *State v. Hoyt*, 2009-Ohio-6720.]

# IN THE COURT OF APPEALS OF OHIO
## THIRD APPELLATE DISTRICT
## HARDIN COUNTY

STATE OF OHIO,

    PLAINTIFF-APPELLANT,           CASE NO. 6-09-11

    v.

RYAN L. HOYT,                  **O P I N I O N**

    DEFENDANT-APPELLANT.

**Appeal from Hardin County Common Pleas Court**
**Trial Court No. CRI 20062052**

**Judgment Affirmed**

**Date of Decision:   December 21, 2009**

APPEARANCES:

    *Scott B. Johnson*  **for Appellant**

    *Maria Santo*  **for Appellee**

**SHAW, J.**

{¶1} Defendant-appellant, Ryan Hoyt, appeals the June 18, 2009 judgment of the Common Pleas Court of Hardin County, Ohio, finding Hoyt violated the terms of his previously imposed community control and sentencing him to a term of imprisonment for eleven months.

{¶2} The facts relevant to this appeal are as follows. On March 31, 2006, Hoyt was indicted by the Hardin County Grand Jury for one count of possession of heroin in violation of R.C. 2925.11(A), (C)(6), a felony of the fifth degree. This case was assigned Case No. 20062052 CRI. Initially, Hoyt entered a plea of not guilty, but on November 29, 2006, he withdrew his formerly tendered plea and entered a plea of guilty to the indictment. On December 18, 2006, the court held a sentencing hearing in this matter and sentenced Hoyt to three years of community control sanctions. The court also ordered, inter alia, that he enter into and successfully complete the Western Ohio Regional Treatment and Habilitation Center, aka W.O.R.T.H., treatment program.[1]

{¶3} Before Hoyt could enter the W.O.R.T.H. program, he was sentenced for an unrelated offense in Miami County, Ohio, to a term of imprisonment of eleven months. As a result, the Hardin County Common Pleas Court stayed

---

[1] W.O.R.T.H. is a secure, community-based correctional facility.

Hoyt's community control sanctions in this case until he was released from prison on the Miami County case.

{¶4} On February 4, 2008, this stay was lifted, and Hoyt began his three years of community control sanctions in Hardin County. On May 23, 2008, Hoyt was charged with petty theft, a misdemeanor, and tampering with evidence, a felony, for stealing a digital camera battery from a Wal-Mart store in Kenton, Ohio, and then throwing it under a desk in an effort to conceal it while awaiting the arrival of the police who were called by store security. Hoyt was subsequently indicted by the Hardin County Grand Jury for, inter alia, one count of tampering with evidence, a felony of the third degree. This case was assigned Case No. 20082122 CRI. In addition, a motion to revoke Hoyt's community control was filed in the 2006 case based upon the Wal-Mart incident.[2]

{¶5} On November 25, 2008, both cases came before the court. Hoyt admitted to violating the terms of his community control in the 2006 case, and he entered a plea of guilty to the amended charge of possession of criminal tools in violation of R.C. 2923.24(A), a felony of the fifth degree, in the 2008 case. In addition, the State dismissed the remaining two counts of the indictment in the

---

[2] According to Terry Price, Hoyt's supervising officer, Hoyt reported for supervision on February 13, 2008, but never reported again as directed. Thus, his whereabouts were unknown until his arrest for the Wal-Mart incident in May. As a result, Hoyt never entered the W.O.R.T.H. program.

2008 case.[3] Pursuant to the recommendations of the State, counsel for Hoyt, and Hoyt's supervising officer, the court sentenced Hoyt to three years of community control sanctions in the 2008 case and re-imposed the sentence of three years of community control sanctions in the 2006 case. Once again, the court ordered Hoyt to enter and successfully complete the W.O.R.T.H. program. Sometime thereafter, Hoyt entered the W.O.R.T.H. program.

{¶6} On April 23, 2009, while incarcerated at W.O.R.T.H., Hoyt tested positive for opiates and the following day was terminated as unsuccessful from W.O.R.T.H. As a result, motions to revoke his community control sanctions were filed in both cases. On June 17, 2009, both cases came before the trial court, and Hoyt admitted to violating the terms of his community control in both. The trial court then sentenced Hoyt to eleven months in prison in each case and ordered that they be served consecutively, for an aggregate term of imprisonment of twenty-two months.

{¶7} Hoyt now appeals the sentence in Case No. 20062052 CRI, asserting one assignment of error.

> **THE TRIAL COURT ERRED IN IMPOSING PRISON FOR A SECOND SET OF COMMUNITY CONTROL VIOLATIONS WHEN THE DEFENDANT WAS NOT INFORMED THAT PRISON WAS POSSIBLE FOR SUBSEQUENT VIOLATIONS AT THE HEARING ON THE FIRST SET OF VIOLATIONS.**

---

[3] The record before us is unclear as to what the other two counts in the indictment were, as the 2008 case is not before us on appeal.

{¶8} In his sole assignment of error, Hoyt maintains that the trial court failed to notify him at the time of his sentencing for his first community control sanction violation of the specific prison term that might be imposed for a second violation of the conditions of community control by him. Thus, he contends that the trial court could not impose a prison term on him for his second violation, pursuant to *State v. Brooks*, 103 Ohio St.3d 134, 814 N.E.2d 837, 2004-Ohio-4746, and *State v. Fraley*, 105 Ohio St.3d 13, 821 N.E.2d 995, 2004-Ohio-7110.

{¶9} The Revised Code states in relevant part:

**If the sentencing court determines at the sentencing hearing that a community control sanction should be imposed, * * * [t]he court shall notify the offender that, if the conditions of the sanction are violated, [or] if the offender commits a violation of any law * * * the court may impose a prison term on the offender and shall indicate the specific prison term that may be imposed as a sanction for the violation, as selected by the court from the range of prison terms for the offense pursuant to section 2929.14 of the Revised Code.**

R.C. 2929.19(B)(5). The Revised Code further provides that a trial court shall not impose a prison term for a violation of a community control sanction that exceeds the prison term specified in the notice provided to the offender at the time of the sentencing hearing. R.C. 2929.15(B). However, the trial court may reduce the length of the prison term by the time the offender successfully spent under the sanction that was initially imposed. Id.

**{¶10}** In *Brooks*, the Ohio Supreme Court held that "a trial court sentencing an offender to a community control sanction must, at the time of the sentencing, notify the offender of the specific prison term that may be imposed for a violation of the conditions of the sanction, *as a prerequisite to imposing a prison term on the offender for a subsequent violation*." (Emphasis added.) *Brooks*, 103 Ohio St.3d 134, 2004-Ohio-4746, at ¶ 29. Further, the Court specifically held that this notice must be given "*at the sentencing hearing*." (Emphasis added.) *Id*. at ¶ 15. However, the Court also noted that, "in some cases, * * * the statements made at the plea hearing or other notifications to the offender *may* be used to clarify and supplement what is said at the sentencing hearing to the offender." *Id*. at ¶ 18. (Emphasis in original.) One such scenario the Court provided was in a situation where a defendant is informed at a plea hearing what the specific maximum term would be and is later informed at the sentencing hearing that the trial court "will impose 'the maximum' prison term if community control is violated, without stating what the maximum is." *Id*. at ¶ 32. The Court stated that in a case such as that "[i]t would be overly rigid * * * to find that the offender's knowledge of the maximum term for the offense would not satisfy the notice requirement of R.C. 2929.19(B)(5)." *Id*.

**{¶11}** The *Brooks* decision only involved notification at the original sentencing hearing in order to impose a prison term for an offender's first

violation of a community control sanction. However, shortly after the *Brooks* decision was rendered, the Ohio Supreme Court addressed the issue of the timing of notification in order to impose a prison term on an offender who has *multiple* violations of community control sanctions. *Fraley*, supra. In *Fraley*, the sentencing court did not notify the defendant at the original sentencing hearing of a specific prison term that may be imposed. *Id*. at ¶ 19. Fraley then proceeded to violate the terms of his community control sanctions four times but was not notified at any hearing about a specific prison term for a subsequent violation until he was sentenced on his third violation. *Id*. At his third violation hearing, the trial court informed Fraley of specific prison terms for his two cases that could be given if he had any more violations. *Id*. at ¶¶ 4, 19.

{¶12} The Court held that when a community control sanction violation occurs and the defendant is found to have committed a violation, "the court sentences the offender anew[.]" *Id*. at ¶ 17. Accordingly, the Court held that a trial court must comply with R.C. 2929.19(B)(5) and 2929.15(B) and notify the offender, at the time of sentencing for a community control violation, of a specific prison term that may be imposed for a further violation "as a prerequisite to imposing a prison term on the offender for a subsequent violation." *Id*. at ¶ 18. Thus, the Court found that the notification to Fraley at his third violation hearing complied with the requirements of R.C. 2929.19(B)(5) and 2929.15(B).

{¶13} Here, Hoyt was notified at his original sentencing in the 2006 case for possession of heroin that the court could sentence him to a term of imprisonment for a violation of his community control sanctions and that this term would be eleven months, a permissible term of imprisonment for this offense. See R.C. 2929.14(A)(5). As previously noted, when Hoyt violated his community control sanctions in this case by committing a new offense, i.e. tampering with evidence, for which he was indicted, the trial court held a joint hearing on these two cases. In sentencing Hoyt to community control sanctions on the new case, the trial court informed him that a violation of community control sanctions could result, inter alia, in a term of imprisonment of eleven months. The court then sentenced him on his community control violation in the 2006 case and re-imposed his previous three years of community control sanctions, including ordering him to enter and successfully complete the W.O.R.T.H. program. In ordering him into W.O.R.T.H., the court stated: "If you think you're going to go there, Mr. Hoyt, and do nothing, you will be out on your ear and then you probably will go back to prison on both these cases. * * * So it's pretty much down to the bottom line, Mr. Hoyt, whether you want to stay out of prison or not." The court then ordered that these cases be run consecutive to each other for a total of twenty-two months in prison.

{¶14} Hoyt maintains that the trial court did not specifically notify him at his violation hearing on the 2006 case that he would be sentenced to eleven months in prison. While we agree that the trial court did not use those exact words, the court did inform him that prison was the most likely choice of sanction and specifically stated that the sentences for the two cases would run consecutive to one another for an aggregate sentence of twenty-two months. Further, Hoyt was notified that he would receive a specific sentence of eleven months of imprisonment for the 2008 case. When one subtracts this eleven months from the aggregate sentence of twenty-two months, the indisputable remainder is eleven months. Accordingly, the other notification that Hoyt received regarding his aggregate sentence clarifies and supplements what specific prison sentence Hoyt would receive in the 2006 case, and the trial court did not err in imposing an eleven month term of imprisonment for Hoyt's subsequent violation of community control in this case.

{¶15} For these reasons, the sole assignment of error is overruled and the judgment of the Common Pleas Court of Hardin County, Ohio, is affirmed.

*Judgment Affirmed*

**PRESTON, P.J., and WILLAMOWSKI, J., concur.**

**/jlr**