[Cite as *State v. Lyle*, 2014-Ohio-751.]

# IN THE COURT OF APPEALS OF OHIO
## THIRD APPELLATE DISTRICT
## ALLEN COUNTY

STATE OF OHIO,

      PLAINTIFF-APPELLEE,           CASE NO.  1-13-16

      v.

BRANDON M. LYLE,                O P I N I O N

      DEFENDANT-APPELLANT.

STATE OF OHIO,

      PLAINTIFF-APPELLEE,           CASE NO.  1-13-17

      v.

BRANDON M. LYLE,                O P I N I O N

      DEFENDANT-APPELLANT.

**Appeals from Allen County Common Pleas Court**
**Trial Court Nos. CR20110178 and CR20100087**

**Judgment Affirmed in Case No. 1-13-17, and**
**Judgment Reversed and Cause Remanded in Case No. 1-13-16**

**Date of Decision:  March 3, 2014**

APPEARANCES:

    *Andrea M. Brown*  for Appellant

    *Jana E. Emerick*  for Appellee

**ROGERS, J.**

{¶1} Defendant-Appellant, Brandon M. Lyle, appeals the judgments of the Court of Common Pleas of Allen County finding that he violated his community control in two different cases and sentencing him to a one year prison term in each, to be served consecutively. On appeal, Lyle argues that the trial court erred by: (1) failing to adequately notify him of the possibility of a prison sentence if he violated the terms of his community control; and (2) imposing consecutive sentences. For the reasons that follow, we affirm the judgment in Appeal No. 1-13-17 and reverse the judgment in Appeal No. 1-13-16.

{¶2} While this matter implicates two separate prosecutions, their histories are intertwined, and as a result we elect to address them together. On March 11, 2010, Lyle was indicted on one count of possessing marijuana in violation of R.C 2925.11(A) & (C)(3)(c), a felony of the fifth degree. On April 23, 2010, Lyle pleaded guilty to the charge and the trial court ordered a pre-sentence investigation. *State v. Lyle*, Allen C.P. No. 2010-CR-0087 (April 23, 2010) ("2010-CR-0087"). Lyle was sentenced on June 10, 2010, to three years of

community control.[1]  At this sentencing hearing, the trial court informed Lyle that a violation of his community control could result in the imposition of a prison sentence of one year.

{¶3} On June 16, 2011, Lyle was indicted by a grand jury of inducing panic in violation of R.C. 2917.31(A)(3) & (C)(4)(a), a felony of the fifth degree.  Lyle pleaded guilty to the charge on July 20, 2011.  *State v. Lyle*, Allen C.P. No. 2011-CR-0178 (July 20, 2011) ("2011-CR-0178").  In response, the State moved to revoke the community control Lyle received in 2010-CR-0087.  The trial court combined the sentencing hearing for the inducing panic charge with the community control violation hearing on August 29, 2011.  Before Lyle admitted the violation, the following exchange took place:

> TRIAL COURT: You have to think in terms of both of these [cases] because, again, with your plea on the Inducing Panic that's another felony of the fifth degree.  As I advised you when you got the plea there your community control on that [sic], if I gave you community control on both of them, I could run them together, or consecutive, and I told you what would happen if I ran them consecutive, or I could send you to prison for twelve months on the Inducing Panic, in the new case, and that's a separate case and so you could get twelve months in that case.  If I found the violation in the old case and terminated it you could get twelve months in that case.  I could run

---

[1] We note that the trial court, when originally sentencing Lyle, made a clerical error in the judgment entry. Lyle's indictment, guilty plea form, and change of plea entry all reflect the correct statute for possession of marijuana as R.C. 2925.11(A) & (C)(3)(c).  (2010 CR 0087 Docket Nos. 1, 14, 15).  However, the judgment entry refers to R.C. 2915.11(A) & (C)(3)(c).  (2010 CR 0087 Docket Nos. 17, 19, 20).  Neither party addressed this error in their briefs.  As this court has stated, "[t]he proper action for the trial court, when faced with a clerical error, is to issue a nunc pro tunc judgment entry that lists the proper Revised Code sections of which [the defendant] was convicted. * * * According to Crim.R. 36, a clerical error may be corrected by the court at any time."  (Citations omitted.) *State v. Taylor*, 3d Dist. Seneca No. 13-10-49, 2011-Ohio-5080, ¶ 53.  We urge the trial court to take the appropriate action to correct this clerical error.

them concurrent or consecutive. So, the total you're looking at here with both cases would be two years. Do you understand?

LYLE: Yes, your Honor.

TRIAL COURT: Now, if I gave you community control in both cases and I ran them consecutive and then later on you violated again, well you could always get consecutive sentences in prison. There's always that – if I give you community control there's always that twelve months hanging over your head in each case. If you violate, well, now you'll have two cases. If you violate there could be two twelve month sentences, for a total of two years. Do you understand all that?

LYLE: Yes, your Honor.

Aug. 29, 2011 Sentencing Hearing Tr., p. 5-6. After receiving this information, Lyle admitted to violating his community control. As a result of this admission, Lyle's community control for 2010-CR-0087 was continued. For his guilty plea to the inducing panic charge, he was sentenced to an additional two years of community control in 2011-CR-0178.

{¶4} When sentencing Lyle, the court stated:

So, I'm going to sentence you to a stated term of community control in the 2011 case. It will be two years of community control * * *. This two years is going to be concurrent, because I'm going to order the three years – it's going to be consecutive. Let me make sure the record indicates it's consecutive to the three years of community control in the 2010 case, which I continue.

* * *

You've got five years of community control total. It's two years in the new case and three years in the old case. The reason I'm making them consecutive is because I'm going to make some conditions

-4-

> here and if you violate the conditions, well, that way I can impose the sentences to prison consecutive – one year in each case – as an option.
>
> * * *
>
> Again, I'm making these consecutive so if you violate I can continue community control, I can make it more restrictive, or I could give you a year in prison in each case.

*Id.* at 20-22.

{¶5} The judgment entry for Lyle's community control violation stated that his community control was continued, running consecutively to his community control imposed in 2011-CR-0178. (2010-CR-0087 Docket No. 27, p. 1). The judgment entry for the sentence on the inducing panic charge stated that community control was imposed and was to run consecutively to Lyle's community control imposed in 2010-CR-0178. (2011-CR-0178 Docket No. 19, p. 2). Additionally, as part of his community control in both cases, Lyle was ordered to enter treatment at the W.O.R.T.H. Center.

{¶6} Lyle failed to complete his treatment at the W.O.R.T.H. Center, and the State moved to revoke his community control in both cases. At the community control violation hearing on October 27, 2011, before Lyle admitted to the violation, the following exchange took place:

> TRIAL COURT: Now, as I stated at the beginning of the hearing, and I did that for a reason, I gave you community control in the 2011 case, but I made it consecutive to the 2010 case. These are two separate cases. So, if I do impose a prison sentence, or any sentence

for that matter, I can make them consecutive. So, what we're looking at here if prison was imposed, if it was warranted, just to put it in perspective, I guess, the worst possible scenario would be twelve months on each count and they could be consecutive. So, we're looking at the possibility of two years in prison. Do you understand that?

LYLE: Yes, sir.

TRIAL COURT: I don't have to sentence you to prison. I could continue community control. I could stretch it out for a longer period of time. I could make it more restrictive – not a whole lot more restrictive than the W.O.R.T.H. Center. I could impose more conditions. Or, again, I could terminate the community control and send you to prison. So, do you understand what could happen here?

LYLE: Yes, your Honor.

Oct. 27, 2011 Sentencing Hearing Tr., p. 5. Subsequently, Lyle admitted to violating his community control.

**{¶7}** As a result of the admission, the trial court continued Lyle's community control in both cases. The trial court stated that "[a]ll the conditions that I originally ordered * * * are going to be in effect. * * * I'll continue the community control. Anymore [sic] violations and just get your toothbrush ready to go to prison." *Id.* at 23. The judgment entries again stated that the community controls were consecutive to one another.

**{¶8}** After an alleged domestic violence incident between Lyle and his girlfriend, the State once again moved to revoke Lyle's community control in both cases. A community control violation hearing was held on February 25, 2013.

While Lyle did not admit to the violation, the trial court found that Lyle had violated his community control and revoked his community control for both of his cases. The trial court sentenced Lyle to a one year prison term for 2010-CR-0087, a one year prison term for 2011-CR-0178, and ordered the terms to be served consecutively. The judgment entry for 2010-CR-0087 stated that the prison term is twelve months, while the judgment entry for 2011-CR-0178 stated that the prison term is twelve months and specifically stated that the twelve months were to run consecutive to the prison term imposed in 2010-CR-0087. *Compare* (2010-CR-0087 Docket No. 50, p. 2) *with* (2011-CR-0178 Docket No. 44, p. 2).

{¶9} Lyle timely filed Appeal No. 1-13-17 in response to the judgment in 2010-CR-0087 and Appeal No. 1-13-16 in response to the judgment in 2011-CR-0178, presenting the following assignments of error for our review.

*Assignment of Error No. I*

**THE TRIAL COURT ERRED WHEN IT SENTENCED DEFENDANT-APPELLANT TO A TWELVE (12) MONTH PRISON TERM IN EACH CASE AFTER VIOLATIONS OF COMMUNITY CONTROL SANCTIONS BECAUSE IT FAILED TO FULLY COMPLY WITH THE MANDATES OF R.C. § 2929.15(B)(2) DUE TO INADEQUATE NOTIFICATION GIVEN TO DEFENDANT-APPELLANT PURSUANT TO R.C. § 2929.19(B)(4).**

*Assignment of Error No. II*

**THE TRIAL COURT ERRED WHEN IT FAILED TO COMPLY WITH THE JUDICIAL FACT FINDING REQUIREMENT SET FORTH IN R.C. § 2929.14(C)(4) WHEN**

**SENTENCING DEFENDANT-APPELLANT TO SERVE CONSECUTIVE PRISON TERMS.**

*Assignment of Error No. I*

{¶10} In his first assignment of error, Lyle argues that the trial court erred in imposing a prison term when it revoked his community control in both cases. For Appeal No. 1-13-17 we disagree. For Appeal No. 1-13-16, we agree. We will discuss each appeal in turn.

*Standard of Review*

{¶11} As a preliminary matter, we note that we must review the sentence in each of these cases independently, and not as a package. *State v. Holdcroft*, 137 Ohio St.3d 526, 2013-Ohio-5014, ¶ 6. As this court has noted, "[a]n appellate court must conduct a meaningful review of the trial court's sentencing decision." *State v. Hites*, 3d Dist. Hardin No. 6-11-07, 2012-Ohio-1892, ¶ 7, citing *State v. Daughenbaugh*, 3d Dist. Wyandot No. 16–07–07, 2007–Ohio–5774, ¶ 8. Specifically, R.C. 2953.08(G)(2) states:

> The appellate court's standard for review is not whether the sentencing court abused its discretion. The appellate court may take any action authorized by this division if it clearly and convincingly finds either of the following:
>
> * * *
>
> (b) That the sentence is otherwise contrary to law.

Essentially, Lyle argues that in each case the trial court imposed a sentence that was contrary to the law. As a result, we will review each of the sentences to determine whether there is clear and convincing evidence that they are contrary to the law.

*Appeal No. 1-13-17*

{¶12} When a trial court imposes community control, it must notify the offender of the possible results of a violation of those sanctions. R.C. 2929.19(B)(4). Specifically, to be able to impose a prison sentence as a result of a violation, the court must notify the offender of "the specific prison term that may be imposed as a sanction for the violation, as selected by the court from the range of prison terms for the offense * * *." *Id.* Two variables determine whether a trial court adequately notified the offender: the timing of the notification and the language of the notification. *State v. Fraley*, 105 Ohio St.3d 13, 2004-Ohio-7110, ¶ 14.

{¶13} For the timing requirement to be satisfied, the court is required to orally notify the offender of the specific term he faces in the event of a violation at the sentencing hearing. *State v. Brooks*, 103 Ohio St.3d 134, 2004-Ohio-4746, paragraph one of the syllabus. Failure of this notification results in the trial court being prohibited from imposing a prison term if the offender violates the terms of his or her community control. *Id.* at paragraph two of the syllabus. However, if at

a subsequent violation hearing where the community control is continued the trial court notifies the offender of the specific prison term that will be imposed it cures the defect in the original sentence. *Fraley* at ¶ 17. As a result, a prison term becomes an available sentencing option as a consequence of a community control violation at a subsequent hearing. *Id.*

{¶14} In *Fraley*, the Ohio Supreme Court also stated that the offender must be notified at each community control violation hearing of the prison sentence that may be imposed for a future violation. *Id.* at ¶ 18. Failure to do so would prohibit the trial court from sentencing the offender to prison at the next community control violation hearing for a violation. *Id.* Courts have disagreed on whether this holding of the court was binding or dicta. *Compare State v. Hodge*, 8th Dist. Cuyahoga No. 93245, 2010-Ohio-78, ¶ 9 (narrowly construing *Fraley* and not requiring that notice be given at each revocation hearing) *with State v. Snoeberger*, 2d Dist. Montgomery No. 24767, 2013-Ohio-1375, ¶ 24 (noting that the law has not been clearly settled, but urging trial courts to notify at each subsequent hearing).

{¶15} Lyle argues that he was not notified at his October 27, 2011 community control violation hearing that he could face a future prison term. Therefore, Lyle urges this court to find that even though a trial court adequately notifies the offender of the specific prison term at the original sentencing hearing,

failure to do so at a subsequent community control violation hearing results in the trial court being precluded from imposing a prison term at the next community control violation hearing.

{¶16} There is no dispute that at the October 27, 2011 hearing where Lyle's community controls were continued in each case, the trial court engaged in an exhaustive dialogue with Lyle to make sure he understood the possible outcomes of having his community control revoked, including an explanation of the prison term he may face. Lyle argues that this exchange does not satisfy the timing requirement by attempting to divide the October 27, 2011 hearing into two separate and distinct parts: a violation phase and a sentence phase. (Appellant's Br., p. 5). In essence, Lyle wants any statements made before he admitted to the violation of his community control to be read as occurring at a hearing separate and distinct from his sentencing hearing for the same offenses.

{¶17} However, when sentencing occurs at the same hearing immediately after an admission or plea, the hearing does not have two discreet portions, it is one single hearing. *See Brooks*, 2004-Ohio-4746, fn. 1; *State v. Pelfrey*, 4th Dist. Scioto No. 11CA3418, 2013-Ohio-593, ¶ 11; *State v. Jackson*, 12th Dist. Butler Nos. CA2005-02-033, CA2005-03-051, 2006-Ohio-1147, ¶ 18.[2] Here, Lyle

---

[2] While *Brooks* is directly on point, the other cases in question dealt with a guilty plea coupled with a sentencing hearing. However, we see no reason why the same rule should not apply to a community control violation hearing where an offender is immediately sentenced upon an admission of a violation.

admitted to violating the terms of his community control and had his community control continued at the same hearing. As courts do not subdivide a hearing into separate and distinct parts, we find that the statements made by the trial court occurred during Lyle's sentencing for the community control violation, regardless of whether they were before or after his admission to the violation. As this notification occurred at the community control violation hearing directly preceding the hearing where Lyle was sentenced to a prison term, the timing requirement articulated by the Ohio Supreme Court in *Fraley* has been satisfied.

{¶18} As to the language of the notification, the court must notify the offender of the specific term it may impose if the community control is violated. *Brooks* at ¶ 19. The statute requires that the trial court "shall, in straightforward and affirmative language, inform the offender at the sentencing hearing that [it] will impose a definitive term of imprisonment of a fixed number of months or years, such as 'twelve months incarceration' if the conditions are violated." *Id.* To be in compliance, the court must be specific, it cannot state the prison term as a range, as the maximum, or any other indefinite term. *Id.* This court has interpreted the requirement in *Brooks* "to stand for the proposition that the trial court must establish a 'definite prison term', rather than mandating the trial court to go as far as to state 'if you violate community control sanctions, you will be sentenced to "x" months or years in prison.' " *State v. Schafer*, 3d Dist. Defiance

No. 4-08-07, 2008-Ohio-6183, ¶ 10, quoting *State v. Reed*, 3d Dist. Defiance No. 4-05-22, 2005-Ohio-5614, ¶ 9.

{¶19} The court must strictly comply with this requirement and specifically state what the possible prison term may be to the offender orally at the time of sentencing. *Brooks* at ¶ 29; *see also Snoeberger,* 2013-Ohio-1375, ¶ 15 (failing specificity by providing a range of "up to" a certain amount); *State v. Lippert*, 6th Dist. Sandusky Nos. S-04-021, S-05-002, S-05-003, S-06-004, S-06-005, 2006-Ohio-5905, ¶ 25 (failing strict compliance by misstating the maximum sentence allowed by law); *State v. Hatfield*, 164 Ohio App.3d 338, 2005-Ohio-6259, ¶ 8 (2d Dist.) (failing specificity by only stating possible prison term in journal entry and not orally to defendant at sentencing). However, as this court has stated, "the Ohio Supreme Court was concerned about trial courts establishing a *definite prison term*, and not with the exact language used during sentencing." (Emphasis sic.) *Reed* at ¶ 9.

{¶20} Further, the Ohio Supreme Court has noted that "other notifications to the offender may be used to clarify or supplement what is said later at the sentencing hearing to the offender." *Brooks* at ¶ 18. As an example, the Court explained that it is not always necessary to give the specific prison term at the exact moment of sentencing:

> [T]here are some situations in which * * * something less than strict compliance will suffice. One such situation would involve an

offender who is informed prior to sentencing * * * what the specific maximum term would be, and then at sentencing, the trial court definitively states that it will impose "the maximum" prison term if community control is violated, without stating what that maximum is. It would be overly rigid in that case to find that the offender's knowledge of the maximum term for the offense would not satisfy the notice requirement [in the statute].

*Brooks* at ¶ 32.

**{¶21}** This court has rejected a similar overly rigid argument. *State v. Hoyt*, 3d Dist. Hardin No. 6-09-11, 2009-Ohio-6720. In *Hoyt*, the defendant was sentenced to community control for a felony conviction and was adequately notified that he could be sentenced to an eleven month prison sentence for a violation. *Id.* at ¶ 2. Later, the defendant pleaded guilty to a separate felony and admitted to violating the terms of his community control in a combined hearing. *Id.* at ¶ 4. While his original community control was continued, additional community control sanctions were imposed and the defendant was notified that he faced an eleven month prison sentence for any future violation. *Id.* at ¶ 5. While the trial court failed to specifically state that the eleven months could be imposed for a violation of the original community control, the trial court stated, " 'it's pretty much down to the bottom line, Mr. Hoyt, whether you want to stay out of prison or not.' " *Id.* at ¶ 13-14. The trial court then informed the defendant that he could face twenty two months in prison if he violated his community control. *Id.*

at ¶ 13. The defendant later violated the terms of his community control, and was sentenced to the full twenty two months. *Id.* at ¶ 6.

**{¶22}** On appeal, the defendant argued that the court failed to restate the prison term he faced if he violated his original community control, and thus the eleven months for that case could not be imposed. *Id.* at ¶ 13. However, this court found that, by informing the defendant that he faced up to twenty two months in prison, and that he faced eleven months for violating the new community control terms, simple subtraction made clear that the original prison term of eleven months was still in place. *Id.* As a result, this court found that the language used, in the context of the other information that the defendant received at the community control violation hearing, was adequate to put the defendant on notice of the specific prison term he would face if he violated his community control. *Id.*

**{¶23}** Here, at the August 29, 2011 community control violation hearing, the court explained every possible scenario of how the imprisonment may occur, depending upon whether a violation of community control was found for either the possession of marijuana charge or the inducing panic charge. As the court stated:

> Now, if I gave you community control in both cases and I ran them consecutive and then later on you violated again, well you could always get consecutive sentences in prison. There's always that – *if I give you community control there's always that twelve months hanging over your head in each case.* If you violate, well, now you'll have two cases. If you violate there could be two twelve month sentences, for a total of two years.

(Emphasis added.) Aug. 29, 2011 Sentencing Hearing Tr., p. 5-6.

{¶24} At the October 27, 2011 community control violation hearing, the trial court was clear in what the prison term would be for a violation. Lyle understood that he was currently under community control sanctions in each case and that each specifically included the possibility of a one year prison sentence. These conditions were specifically continued by the trial court, and Lyle was told that if he violated the terms he would be sent to prison.

{¶25} Taken as a whole, Lyle was informed that the twelve month prison sentence was a possible result of violating his community control in either case and that those sentences could run consecutively. This satisfied the specificity requirement articulated in *Brooks*.

{¶26} Lyle argues that when the court was orally sentencing him, it was not in strict compliance, as it failed to reiterate its dialogue regarding possible prison terms at the moment it continued the community controls. In essence, Lyle asks that we rigidly apply the standards set forth in *Brooks* and find that by failing to reiterate the possibility of a prison term at the moment his community controls were ordered continued, he was not properly on notice as required by R.C. 2929.19(B)(4).

{¶27} There is no question that Lyle knew the possible prison term he faced if he were to violate his community control in either case. Lyle's possible prison

sentence was explained at length at the August 29, 2011 community control violation hearing and was explained again at the October 27, 2011 community control revocation hearing. Once Lyle admitted to the violation, the court continued all of the prior conditions of his community control, stating that "[a]nymore [sic] violations and just get your toothbrush ready to go to prison." Oct. 27, 2011 Sentencing Hearing Tr., p. 23. While the language used by the trial court may have been ill-phrased, similar to the example articulated in *Brooks*, the statement was definitive enough to remind Lyle of the earlier part of the hearing, where he was put on notice of the possibility of a one year prison term in each case, to run consecutively, if he violated the terms of his community control. This is especially true in light of the fact that Lyle was notified, at an earlier hearing, that he had the "twelve months hanging over [his] head in each case" if he violated his community control. Aug. 29, 2011 Sentencing Hearing Tr., p. 6.

{¶28} Further, the trial court went into greater detail than the court in *Hoyt* by explaining the prison term that would result from a violation of his community control. There, the prison term was only mentioned in the aggregate, while here they were specifically stated for each case. As a result, we find that the language used by the trial court was adequate to notify Lyle of the possible prison term he faced if he violated his community control as required by R.C. 2929.19(B)(4).

*Appeal No. 1-13-16*

**{¶29}** As far as Lyle's assignment of error argues that the court failed to adequately notify him of the possible prison term he may face, the same reasoning as stated above applies. However, that does not end our review. We must still determine, after meaningful review, whether there is clear and convincing evidence that the sentence is contrary to the law. R.C. 2953.08(G)(2).

**{¶30}** As a preliminary matter, we must determine whether community control sanctions can run consecutively to one another. While the Ohio Supreme Court has ruled that the imposition of consecutive jail sentences for a violation of community control sanctions under R.C. 2929.16(A)(1) is improper, the court did not address whether community control sanctions other than a jail sentence could run consecutively to one another. *State v. Barnhouse*, 102 Ohio St.3d 221, 2004-Ohio-2492, fn. 4. Courts have upheld the imposition of community control sanctions that are consecutive to a prison term that the offender was serving for another sentence. *See State v. Blunk*, 8th Dist. Cuyahoga No. 84304, 2004-Ohio-6910, ¶ 6-7; *State v. O'Connor*, 5th Dist. Delaware No. 04CAA04-028, 2004-Ohio-6752, ¶ 28-29. Courts have also specifically upheld the imposition of consecutive community control sanctions. *See State v. Oliver*, 5th Dist. Licking No. 06-CA-126, 2007-Ohio-5514, ¶ 20-23 (overruling assignment of error that trial court could not impose consecutive community control sanctions); *State v.*

*Culgan*, 147 Ohio App.3d 19, 2001-Ohio-1944 (9th Dist.), ¶ 27-28 (finding that residential community control sanctions can be imposed consecutively). This is a case of first impression for this court.

{¶31} There is a presumption in Ohio against consecutive sentences of imprisonment. *See* R.C. 2929.41(A). As this court has stated, "[t]he revisions to the felony sentencing statutes under H.B. 86 now require a trial court to make specific findings when imposing consecutive sentences [of imprisonment]." *Hites,* 2012-Ohio-1892, ¶ 11; R.C. 2929.14(C)(4). However, community control sanctions are not sentences of imprisonment. R.C. 2929.15; *Blunk*, 2004-Ohio-6910, ¶ 6. As a result, a trial court is not required to make the findings under R.C. 2929.19(C)(4). *State v. Thompson*, 8th Dist. Cuyahoga No. 83382, 2004-Ohio-2969, ¶ 21-22. This court finds that, because community control sanctions are not imprisonment, the presumption against consecutive sentences does not apply, nor is there a requirement to make specific findings on the record under R.C. 2929.19(C)(4) for consecutive community control sentences to be valid.

{¶32} R.C. 2929.15 governs the imposition of community control sanctions. Our review of the chapter reveals that it does not contain any prohibition against imposing consecutive community control sanctions. The only limitation is that "[t]he duration of all community control sanctions imposed upon an offender under this division shall not exceed five years." R.C. 2929.15(A)(1).

As a result, this court finds that consecutive community control sanctions are permissible, so long as the total amount of time of all community controls does not exceed five years. *Accord State v. LaSalla*, 8th Dist. Cuyahoga No. 99424, 2013-Ohio-4596, ¶ 34-35.

{¶33} Here, the trial court specifically sentenced Lyle in 2011-CR-0178 to two years of community controls to run consecutively with the three years given in 2010-CR-0087, for a total of five years. As this period of time for community controls is permissible under the law, we find that the trial court did not err when it sentenced Lyle to two separate community controls to run consecutive to one another.

{¶34} The Ohio Supreme Court has recently found that consecutive sentences are separate and distinct from one another and do not combine in the aggregate to form a "sentencing package." *Holdcroft*, 2013-Ohio-5014, ¶ 6. In *Holdcroft*, the offender was sentenced to a ten year prison sentence for aggravated arson and to another five years for arson, to be served consecutively. *Id.* at ¶ 2. The trial court imposed post release control, but did not state how long the sanction would be imposed, or to which sentence it applied. *Id.* The offender served over ten years in prison before the trial court held a new sentencing hearing to correct its error. *Id.* at ¶ 3. The Court found that the trial court could not resentence a defendant who has served the entire sentence. *Id.* at ¶ 19. As the

Court stated, "a sentence served is a sentence completed." *Id.* at ¶ 18. While it was argued that the offender had not completed his aggregate sentence of fifteen years, the Court found that sentences are not viewed in the aggregate, as " 'Ohio's felony-sentencing scheme is clearly designed to focus the judge's attention on one offense at a time.' " *Id.* at ¶ 6, quoting *State v. Saxon*, 109 Ohio St.3d 176, 2006-Ohio-1245, ¶ 8.

{¶35} While the trial court stated that Lyle was facing five years for his community control sanctions, the five year sentence was not a single aggregate sentence, but a distinct three year term and a distinct two year term. As it was first in time, and as a result of a review of the proceedings and judgment entries, we find that the community controls in 2010-CR-0087 were the first to commence.

{¶36} It is axiomatic that a consecutive sentence does not begin until the prior sentence has been completed. *See Holdcroft* at ¶ 3; *Richards v. Eberlin*, 7th Dist. Belmont No. 04-BE-1, 2004-Ohio-2636, ¶ 21 ("[A] person need not finish serving the first sentence before the time for the second sentence can be served, as in the case with consecutive sentences."); *State v. Anderson-Melton*, 2d Dist. Montgomery No. 18703, 2001-Ohio-1763 (analyzing whether judicial release was allowed at the start date of each individual sentence in a series of consecutive sentences). As a result, we find that at the time of the February 27, 2013 community control violation hearing, Lyle was under the community control he

-21-

had been sentenced to in 2010-CR-0087, while the community control he had been sentenced to in 2011-CR-0178 had not yet begun. Lyle could not be found to violate a community control sanction which had not yet commenced.

{¶37} To be clear, we do not find that the community control imposed in 2011-CR-0178 is invalid or improper, only that it has not yet begun. Once Lyle has completed his sentence for 2010-CR-087, his sentence for 2011-CR-0178 will begin, and he will be subject to two years intensive supervision, as none of the community control sentence has yet been served. However, as the trial court did not have the authority to find that Lyle was in violation of community control he was not currently serving, the sentence was contrary to the law, and we therefore sustain Lyle's first assignment of error in Appeal No. 1-13-16.

### *Assignment of Error No. II*

{¶38} In his second assignment of error, Lyle argues that the trial court failed to make the appropriate findings that are necessary when imposing consecutive prison sentences. Since we have found that the trial court erred in finding that Lyle violated his community control in Appeal No. 1-13-16, Lyle's second assignment of error is moot and we elect not to address it. App.R. 12(A)(1)(c).

{¶39} Having found no error prejudicial to Lyle in the first assignment of error in regard to Appeal No. 1-13-17, we affirm the trial court's judgment.

Case Nos. 1-13-16, 1-13-17

However, having found error prejudicial to Lyle in the first assignment of error in regard to Appeal No. 1-13-16, we reverse the trial court's judgment and remand this matter for further proceedings consistent with this opinion.

*Judgment Affirmed in*
*Case No. 1-13-17, and*
*Judgment Reversed and Cause*
*Remanded in Case No. 1-13-16*

**WILLAMOWSKI, P.J. and PRESTON, J., concur.**

**/jlr**