[Cite as *State v. Howard*, 2017-Ohio-8747.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

State of Ohio,                           :

      Plaintiff-Appellee,            :

v.                                       :               No. 17AP-242
                                                     (C.P.C. No. 13CR 4407)
John M. Howard,                          :
                                                     (REGULAR CALENDAR)
      Defendant-Appellant.          :

---

D E C I S I O N

Rendered on November 30, 2017

---

**On brief:** *Ron O'Brien*, Prosecuting Attorney, and *Seth L. Gilbert,* for appellee. **Argued:** *Seth L. Gilbert.*

**On brief:** *Koenig & Long, LLC, Charles A. Koenig,* and *Todd A. Long,* for appellant. **Argued:** *Charles A. Koenig.*

---

APPEAL from the Franklin County Court of Common Pleas

TYACK, P.J.

{¶ 1} Defendant-appellant, John M. Howard, is appealing from the sentence imposed by the Franklin County Court of Common Pleas following the revocation of his community control. For the following reasons, we affirm the trial court's decision.

**I. Facts and Case History**

{¶ 2} Howard was indicted in 2013 on charges of importuning and attempted unlawful sexual conduct with a minor, a felony of the fifth degree and a felony of the fourth degree respectively. He tried the charges to the trial court judge in 2014 and was found guilty of both.

{¶ 3} Howard was sentenced to terms of imprisonment of 11 months on the Importuning charge and 17 months on the attempted unlawful sexual conduct with a

minor charge.  The sentences were ordered to be served consecutively.  However, the trial court stayed imposition of the sentences and placed Howard on community control subject to a number of conditions.

{¶ 4}   A little over two and one-half years later, Howard's probation officer sought revocation of the community control and enforcement of the sentence.

{¶ 5}   A new trial court judge was now responsible for the case.  Following a revocation hearing, the judge continued community control but added new conditions. Howard was ordered to participate in a mental health program and to be subject to community control for an additional year.

{¶ 6}   The new trial court judge did not repeat the terms of imprisonment presented to Howard at the original sentencing, but told Howard that if he once again violated the terms of his community control he would be going to prison.

{¶ 7}   Howard violated the terms of his community control again.  The new judge enforced the prison term previously imposed at the original sentencing.  Howard has now appealed.

## II. Assignments of Error and Standard of Appellate Review

{¶ 8}   Howard assigns two errors for our consideration:

[I.] The Trial Court Erred by Failing to Adequately Notify Appellant at his Revocation Hearing of the Specific Prison Term he Faced for Subsequent Violations of the Conditions of his Community Control, When the Court Sentenced Appellant to Prison Upon Appellant's Subsequent Community Control Violation.

[II.] The Trial Court Erred When it Sentenced Appellant to Consecutive Terms of Imprisonment Without Making the Required Findings set forth in Ohio Revised Code section 2929.14(C)(4).

{¶ 9}   The appropriate standard of review is codified in R.C. 2953.08(G)(2) which provides, in the relevant part:

The appellate court may increase, reduce, or otherwise modify a sentence that is appealed under this section or may vacate the sentence and remand the matter to the sentencing court for resentencing.  The appellate court's standard for review is not whether the sentencing court abused its discretion. The

appellate court may take any action authorized by this division if it clearly and convincingly finds either of the following:

(a) That the record does not support the sentencing court's findings under division (B) or (D) of section 2929.13, division (B)(2)(e) or (C)(4) of section 2929.14, or division (I) of section 2929.20 of the Revised Code, whichever, if any, is relevant;

(b) That the sentence is otherwise contrary to law.

{¶ 10} "The 'clearly and convincingly' standard under R.C. 2953.08(G)(2) 'is written in the negative which means that it is an "extremely deferential standard of review." ' " *State v. Fields*, 10th Dist. No. 16AP-417, 2017-Ohio-661, ¶ 8, quoting *State v. Hargrove*, 10th Dist. No. 15AP-102, 2015-Ohio-3125, ¶ 22, quoting *State v. Bittner*, 2d Dist. No. 2013-CA-116, 2014-Ohio-3433, ¶ 9; *State v. Mitchell*, 4th Dist. No. 13CA13, 2015-Ohio-1132, ¶ 11.

{¶ 11} R.C. 2953.08(G)(2) is the appropriate appellate standard of review for cases challenging the sufficiency of a trial court's findings pursuant to R.C. 2929.15(B). "R.C. 2953.08(G)(2) provides the appropriate standard of review '[o]n appeals involving the imposition of consecutive sentences.' " *State v. Dixon*, 10th Dist. No. 15AP-432, 2015-Ohio-5277, ¶ 7, quoting *State v. Bonnell*, 140 Ohio St.3d 209, 2014-Ohio-3177, ¶ 28.

{¶ 12} R.C. 2953.08(G)(2) states the appropriate standard of review for sentences challenged on the grounds that the trial court failed to comply with the requirements of R.C. 2929.19(B)(4). *State v. Lyle*, 3d Dist. No. 1-13-16, 2014-Ohio-751, ¶ 11.

### III. Proper Notification at the Original Sentencing is Sufficient

{¶ 13} The first assignment of error argues the trial court failed to notify Howard at his first revocation hearing of the specific prison term he faced for subsequent violations of the conditions of his community control. Therefore, the question to be answered is whether the notification of the specific prison term at Howard's original sentencing suffices for purposes of all future revocation hearings? "[A] trial court sentencing an offender to a community control sanction must, at the time of the sentencing, notify the offender of the specific prison term that may be imposed for a violation of the conditions

of the sanction, as a prerequisite to imposing a prison term on the offender for a subsequent violation." *State v. Brooks*, 103 Ohio St.3d 134, 2004-Ohio-4746, ¶ 29.

{¶ 14} A trial court must notify a defendant of a specific prison term that may be imposed for violating community control at the sentencing hearing. "Pursuant to R.C. 2929.19(B)(5), a trial court sentencing an offender to a community control sanction is required to deliver the statutorily detailed notifications at the sentencing hearing." *Brooks* at paragraph one of the syllabus. "Pursuant to R.C. 2929.19(B)(5) and 2929.15(B), a trial court sentencing an offender to a community control sanction must, at the time of the sentencing, notify the offender of the specific prison term that may be imposed for a violation of the conditions of the sanction, as a prerequisite to imposing a prison term on the offender for a subsequent violation." *Id.* at paragraph two of the syllabus. R.C. 2929.19(B)(5) is now codified as R.C. 2929.19(B)(4), which states in relevant part:

> The court shall notify the offender that, if the conditions of the sanction are violated, if the offender commits a violation of any law, or if the offender leaves this state without the permission of the court or the offender's probation officer, the court may impose a longer time under the same sanction, may impose a more restrictive sanction, or may impose a prison term on the offender and shall indicate the specific prison term that may be imposed as a sanction for the violation, as selected by the court from the range of prison terms for the offense * * *.

{¶ 15} In *State v. Fraley*, 105 Ohio St.3d 13, 2004-Ohio-7110, ¶ 19, at the original sentencing hearing, Fraley was not notified of the possible prison sentence that could be imposed if he violated community control. Fraley was properly notified at the third violation hearing and the trial court concluded that Fraley could be sentenced to prison when he violated community control a fourth time. *Id.* "[A] trial court sentencing an offender upon a violation of the offender's community control sanction must, at the time of such sentencing, notify the offender of the specific prison term that may be imposed for an additional violation of the conditions of the sanction, as a prerequisite to imposing a prison term on the offender for such a subsequent violation." *Id.* at ¶ 18.

{¶ 16} Between *Brooks* and *Fraley,* the Supreme Court of Ohio does not clearly resolve whether the trial court must repeat its notification of the possible prison term for a

community control violation at each revocation hearing if proper notice has already been given. *State v. Harris*, 9th Dist. No. 28357, 2017-Ohio-7914, ¶ 18; *Brooks, Fraley*.

{¶ 17} Other districts have already addressed this issue. "Appellant was properly notified at the original sentencing hearing in February 2010 that if she violated the terms of her community control sanction, she risked imposition of a twelve (12) month prison term on each charge. That notification was legally sufficient and the trial court was not required to notify her over and over again." *State v. Batty*, 4th Dist. No. 13CA3398, 2014-Ohio-2826, ¶ 33. Because the trial court gave notice at the original sentencing hearing of the specific prison term to be served if there was a violation of the conditions of the community control, the trial court was under no duty to continue to re-advise the defendant of the possible sentence at subsequent hearings. *State v. Oulhint*, 8th Dist. No. 99296, 2013-Ohio-3250, ¶ 20. "Notification at the original sentencing hearing or any subsequent community control violation hearing is legally sufficient." *State v. Holloway*, 12th Dist. No. CA2016-08-152, 2017-Ohio-4039, ¶ 12. " '[A] trial court is not required to re-advise the defendant over and over again at each and every hearing that may occur thereafter.' " *State v. Harris*, 9th Dist. No. 28357, 2017-Ohio-7914, ¶ 20 (defendant did not challenge the notification at the original sentencing hearing, but only that the trial court had to re-notify at each subsequent violation hearing), quoting *Holloway*.

{¶ 18} Based on our reading of *Brooks* and *Fraley,* we are in agreement with the Fourth, Eighth, Ninth, and Twelfth District Courts of Appeals. We hold that proper notification at the original sentencing hearing or any subsequent community control violation hearing of the proper prison term that may be imposed is legally sufficient as a prerequisite to imposing a prison term on the offender for such a subsequent violation.

{¶ 19} Howard always knew the prison sentence he had been ordered to serve. The notice received at the original sentencing hearing is not being challenged. The new trial court judge did not need to tell Howard in open court that Howard still faced 28 months in prison if he were to violate his community control so badly again and his probation officer felt community control should be terminated.

{¶ 20} The first assignment of error is overruled.

## IV. Howard Failed to Appeal the Imposition of a Consecutive Prison Sentence

{¶ 21} The second assignment of error argues the trial court failed to make the required findings set forth in R.C. 2929.14(C)(4) in order to sentence Howard to consecutive terms of imprisonment.

{¶ 22} R.C. 2929.14(C)(4) states, in relevant part:

> If multiple prison terms are imposed on an offender for convictions of multiple offenses, the court may require the offender to serve the prison terms consecutively if the court finds that the consecutive service is necessary to protect the public from future crime or to punish the offender and that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public, and if the court also finds any of the following:
>
> (a) The offender committed one or more of the multiple offenses while the offender was awaiting trial or sentencing, was under a sanction imposed pursuant to section 2929.16, 2929.17, or 2929.18 of the Revised Code, or was under post-release control for a prior offense.
>
> (b) At least two of the multiple offenses were committed as part of one or more courses of conduct, and the harm caused by two or more of the multiple offenses so committed was so great or unusual that no single prison term for any of the offenses committed as part of any of the courses of conduct adequately reflects the seriousness of the offender's conduct.
>
> (c) The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender.

{¶ 23} At all pertinent times, Howard knew he faced 28 months of imprisonment. He was given community control twice. He did not comply with the obligations placed on him to enable him to stay out of prison.

{¶ 24} The new trial court judge did not literally sentence Howard. The new trial court judge enforced the sentence previously imposed. As a result, the trial court did not need to revisit the requirements of R.C. 2929.14. If Howard and his then counsel felt that

the original sentence was somehow unlawful, they had the option of appealing the sentence when first stated in open court. The time to challenge failure to make the findings set forth in R.C. 2929.14(C)(2) is to file a direct appeal of the original sentence rather than by appealing from a subsequent revocation entry years later. *See State v. Gibson*, 5th Dist. No. 05 COA 032, 2006-Ohio-4052, ¶ 12 (must challenge "fundamental flaw" in sentencing by appealing original sentencing entry). Waiting for years and then arguing that the sentences held in abeyance were somehow wrong is not an option.

{¶ 25} The second assignment of error is overruled.

## VI. Conclusion

{¶ 26} Both assignments of error having been overruled, the judgment of the Franklin County Court of Common Pleas is affirmed.

*Judgment affirmed.*

BROWN and LUPER SCHUSTER, JJ., concur.

_____