[Cite as *State v. Parr*, 2014-Ohio-1479.]

# IN THE COURT OF APPEALS OF OHIO
## THIRD APPELLATE DISTRICT
## VAN WERT COUNTY

STATE OF OHIO,

      PLAINTIFF-APPELLEE,                 CASE NO.  15-13-09

      v.

MATTHEW W. PARR,                  O P I N I O N

      DEFENDANT-APPELLANT.

Appeal from Van Wert County Common Pleas Court
Trial Court No. CR 13-06-080

**Judgment Affirmed**

Date of Decision:  April 7, 2014

APPEARANCES:

    *Scott R. Gordon* for Appellant

    *Eva J. Yarger*  for Appellee

**WILLAMOWSKI, P.J.**

{¶1} Defendant-appellant Matthew W. Parr ("Parr") brings this appeal from the judgment of the Court of Common Pleas of Van Wert County accepting his guilty plea and sentencing him to prison. Parr argues that his plea was not voluntary as his attorney promised him that there would be no prison sentence if he pled guilty. For the reasons set forth below, the judgment is affirmed.

{¶2} On June 7, 2013, the Van Wert County Grand Jury indicted Parr on three counts: 1) one count of breaking and entering in violation of R.C. 2911.13(A), a felony of the fifth degree; 2) one count of possessing criminal tools in violation of R.C. 2923.24(A), (C), a felony of the fifth degree; and 3) one count of tampering with evidence in violation of R.C. 292 1.12(A)(1), a felony of the third degree. Doc. 2. Parr entered pleas of not guilty to all charges in the indictment on June 11, 2013. Doc. 11.

{¶3} On September 4, 2013, Parr changed his pleas to guilty pursuant to a plea agreement which called for the State to dismiss Count III of the indictment. Doc. 35. The trial court accepted the plea of guilty to Counts I and II. Doc. 37. A sentencing hearing was held on October 16, 2013. Doc. 38. At that time, the trial court ordered that Parr serve twelve months in prison on each of Counts I and II with the terms to be served concurrently. *Id.* The State entered a nolle presoqui on the indictment for Count III. *Id.* Parr filed his notice of appeal from this

judgment on November 12, 2013. Doc. 50. On appeal, Parr argues the following assignment of error.

> **The trial court erred in sentencing [Parr] to a prison term of twelve (12) months on each of two counts, after [Parr] had received from his attorney a promise of no prison sentence if he changed his plea from not guilty to guilty.**

{¶4} Parr's sole assignment of error challenged the imposition of a twelve month prison sentence on each count. Parr argues that his trial counsel told him that he would not receive a prison sentence if he entered a guilty plea. "Under Ohio sentencing law, the severity of a sentence imposed is in the sole discretion of the trial court and will not be set aside on appeal unless it is demonstrated from the record that the trial court unreasonably ignored the applicable sentencing statutes." *State v. Adams*, 2d Dist. Champaign No. 09-CA-37, 2011-Ohio-2562, ¶ 7.

{¶5} During the change of plea hearing, the trial court specifically engaged in a dialogue with Parr.

> **The Court: Have you discussed the matter of pleas and the present charges fully and completely with your attorney, Mr. Staas?**
>
> **Mr. Parr: Well, Yes.**
>
> **The Court: Excuse Me?**
>
> **Mr. Parr: Yes.**
>
> **The Court: Are you satisfied with the service and advice of your attorney up to the present time?**

**Mr. Parr:  Yes.**

**The Court:  Do you understand that no one can compel you to plead guilty?**

**Mr. Parr:  Yes.**

**The Court:  Are you changing your pleas freely and voluntarily?**

**Mr. Parr:  Yes.**

**The Court:  Do you understand that in the event I accept your plea, the only thing that remains to be done is to pass sentence, and that includes a sentence of years to a State Penal Institution. In this case, that could be a maximum of sentence of twelve (12) months for each count, and a maximum fine of Twenty-five Hundred ($2,500) dollars for each count.  Do you understand that?**

**Mr. Parr:  Yes.**

**\* \* \***

**The Court:  Your sentences and fines could run concurrent with each other or consecutive to one another which means you face a maximum term of incarceration of twenty-four (24) months and a maximum fine of Five Thousand ($5,000) Dollars.  Do you understand that?**

**Mr. Parr:  Yes.**

**\* \* \***

**The Court:  Have you been induced to plead guilty by any threats, promises, or offers of reward?**

**Mr. Parr:  No.**

Tr. 29-30, 32.  In addition, Parr signed a petition to enter a plea of guilty which stated that "Both my lawyer and the court informed me that the maximum penalty could be a basic prison term of up to 24 mos. * * *."  Doc. 35, 2.  The "24 mos." Was handwritten into the petition by Parr himself.  The petition also stated as follows.

> **13.  I declare that no officer of this court nor any attorney has promised or suggested that I will receive a lighter sentence, or community control or any other form of leniency in exchange for my plea of guilty, and if any one did make such a promise r [sic] suggestion, I know that he or she had no authority to do it.  I also declare that I have not been coerced, forced or threatened to plead guilty.**
>
> **\* \* \***
>
> **15.  I know that the sentence I will receive irrespective of the underlying agreement is solely a matter within the control of the judge.  I request leniency, but I am prepared to accept any punishment permitted by law which this court sees fit to impose. I respectfully request the court to accept my plea of guilty as charged.**

*Id.* at 4-5.  Regardless of what counsel may or may not have told Parr[1], Parr was informed multiple times that the trial court would be the one determining the sentence.  Parr also indicated that he had not been promised any sentence at both the hearing and in signing the petition.  The sentence imposed was within the statutory range of permissible sentences for felonies of the fifth degree.  R.C. 2929.14(A)(5).  Additionally, the record reveals that Parr has an extensive

---

[1] The record contains no indication that counsel told Parr he would not receive a prison term if he entered a guilty plea so this court has no basis for knowing the truth of the allegation.

criminal record, especially considering his young age at the time of sentencing.[2] Many of these offenses were theft related. The PSI, which was considered by the trial court, indicated that Parr had three or more prior felony convictions, had previously been sentenced to secure correctional facility, had received a misconduct report while incarcerated, and had prior community control revoked. The PSI also stated that Parr showed no remorse for what he had done and had no desire to change his behavior. Based upon this evidence, the trial court did not abuse its discretion in imposing the sentence it chose. Parr was clearly aware of the sentence he could receive and is now only before this court because he is unhappy with the sentence he did receive. This is insufficient to show that the plea was not voluntarily entered. Therefore, the assignment of error is overruled.

{¶6} Having found no error prejudicial to the appellant in the particulars assigned and argued, the judgment of the Court of Common Pleas of Van Wert County is affirmed.

*Judgment Affirmed*

**ROGERS and PRESTON, J.J., concur.**

**/jlr**

---

[2] The PSI indicates that there were multiple dates of birth given for the defendant, all of which would place him between the ages of 20 and 23 years of age at the time of sentencing.